FLEMING NOBLE *v.* JESSE NETTLES.

Under art. 647 of the Code of Practice, the undivided share of an heir in a succession, may be seized and sold under execution.

It is not necessary that it should be shown that any attempt has been made to seize moveables, immoveables, or slaves, before seizing the rights and credits of the debtor. The property must be pointed out by the latter, or, under art. 649 of the Code of Practice, by allowing the sheriff to execute the writ, without exercising his right of pointing out the property to be seized, he will lose it.

In an action, by the purchaser, at a sale under execution, of the undivided shares of certain heirs in a succession, against the administrator, for paying over the amount to the heirs after notice, the defendant cannot set up any irregularity or nullity in the original proceeding against the heirs ; the payment is at his peril, and he will be liable over to the purchaser.

ONE Brooks, having obtained a judgment against Abraham Marler, seized under execution certain property of the latter, which was sold on a credit of twelve months, and purchased by Marler himself, for the price of which he executed a bond, with Meredith Marler as his security. The bond not being paid at maturity, an execution was issued against both the obligors, and under it the sheriff seized their undivided shares in the succession of their father. The plaintiff became the purchaser of these shares, under a sale by the sheriff. Nettles, the administrator of the succession, having paid the amount of the shares to the two heirs, after notice of plaintiff's purchase, the latter instituted the present suit before the District Court of Caldwell, to render him liable for the amount. From a decision of *Boyce*, J. in favor of the defendant, the plaintiff has appealed.

*McGuire*, for the appellant. The judgment should be reversed, and one rendered in favor of the plaintiff.

*Garrett*, for the defendant. It has not been shown 'that the twelve months' bond was legally taken. The seizure was illegal ; rights and credits can only be seized after the moveables, immoveables, and slaves of the debtor. The rights seized are not described with sufficient certainty. The interests of Abraham and Meredith Marler, in the succession of their father, should have been sold separately, not together.

BULLARD, J. The plaintiff alleges, that he purchased at a sheriff's sale, the undivided interest, or hereditary portion of two of the heirs of James Marler, deceased ; that the defendant, Nettles, was the administrator of the estate, and, with a full knowledge of the plaintiff's purchase, paid over to those heirs their portions, which were liquidated, on a final partition among the heirs, at $240 10 each, whereby he became liable to pay him the amount, thus wrongfully paid over after notice.

The defendant first answers by a general denial ; he avers that he has paid to each of the heirs his share, according to the order of the court ; that he has nothing in his hands, and that the plaintiff has no right of action against him. He prays that Meredith and Abraham Marler, the two heirs in question, may be cited in warranty. This prayer was disregarded, but no complaint is made on that account. There was a judgment for the defendant, and the plaintiff has appealed.

The argument, in this court, has turned principally upon the question, whether the undivided share of an heir in a succession, can be sold, according to the existing law. The Code of 1808, under the title of Seizure and Sale, prohibited it. That title was wholly omitted in the Code of 1825, and it was ruled by this court that it still remained in force. But the act of 1828, repealing certain articles of the former Civil Code, declares, " that all the articles contained in the old Civil Code of this State, &c., and all the provisions of the same which are not reprinted in the new Civil Code of Louisiana, published under the authority of this State, &c., shall be, and the same are hereby repealed, except so much of title tenth as is embraced in its third chapter, which treats of the Dissolution of Communities or Corporations."

1 Bullard and Curry's Digest, 151.   5 Mart. N. S. 702.   6 Ib. 90.   3 La. 150.

The Code of Practice authorizes the seizure of rights and credits, and sums of money due in whatsoever right, except for alimony or salaries of office.   Art. 647.

It is urged, however, by the counsel for the defendant, that the seizure was illegal, inasmuch as rights and credits cannot be seized until after moveables, slaves, and immoveables, and that it is not shown that any attempt was made to seize other property.   To this, it appears to us a sufficient answer to say, that whatever right the defendant in execution has to point out property, is lost if he allows the sheriff to execute the writ without exercising the right.   Code Prac. art. 649.

It is further said, that the plaintiff has failed to show that the twelve months' bond, under which his execution was issued, was taken legally.   This, we think, he was not bound to show in the present case, and that the defendant has no capacity to set up such a nullity, or others upon which he relies in his argument, such as the vague description of the right sold.

The record shows that the shares of the two heirs were sold, and purchased by the plaintiff; that the defendant, who was at that time administrator of the father's estate, proceeded to liquidate it, and paid over to the heirs their respective portions, notwithstanding his knowledge of the plaintiff's purchase.   This, we think, he did at his peril, especially as it appears to have been done voluntarily, and not within the scope of his duties as administrator.

The judgment of the District Court is, therefore, reversed, and it is ordered, that the plaintiff recover of the defendant, four hundred and eighty dollars and twenty cents, with interest at five per cent from judicial demand, and the costs in both courts.