BOATNER<br>v.<br>YARBOROUGH.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## L. H. DEARMOND v. ELIZA M. COURTNEY.

<div align="right">

| 12 | 251 |
|----|-----|
| 48 | 358 |

</div>

Although the entire interest of a co-heir in a succession fallen to him may be seized and sold under execution at the instance of a creditor of the heir, the Sheriff is not dispensed from the necessity of seeing that a description of the property seized be given in as accurate a manner as the nature of the case will allow, so that bidders may know what they are bidding for, and the property of the debtor may not be unnecessarily sacrificed.

When the proportion of the heir's interest in the succession was not given, either in the return of the Sheriff or the advertisement of the sale, and it did not appear how many heirs there were, nor of what property the succession consisted, nor what was the amount of the inventory, the sale was properly declared illegal and void.

As the plaintiff, previous to bringing his action to annul the judgment, made a tender of the amount for which his rights in the succession had been sold, and which had gone to the payment of his judgment debtor, it was not necessary to make him a party to the suit to annul the Sheriff's sale.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.
*J. O. Fuqua*, for plaintiff.  *Muse & Hardee*, for defendant and appellant.

SPOFFORD, J.  The defendant appeals from a judgment annulling a Sheriff's sale at which she was a purchaser.

The plaintiff, before attacking the validity of the sale of his property, made a tender of the amount which the defendant had bid for it, and which had gone to the satisfaction of his judgment debts. As equity and good conscience required, the defendant has been allowed that sum in the judgment from which she appeals.

Three defects are specially relied upon in the plaintiff's petition as reasons for annulling the sale. It is necessary to notice but one.

He alleges that "neither the seizure made by the Sheriff nor the advertisement under which said pretended sale was made, contained any such description of the property pretended to be seized and sold as is required by law, nor any such description as would enable the appraisers properly to estimate the same, or the bidders to know what they were buying."

The description was this: "All the right, title, interest, claim and demand of the defendant, *L. H. Dearmond*, in and to the succession of his mother, *Elizabeth Dearmond*, late of said parish, deceased, and all the right, title, interest and claim of said *Levi H. Dearmond* in and to the movables, immovables and slaves of which said succession is composed."

Under the strict rules which have been applied to forced expropriations of property, we think this description was too vague.

DEARMOND
v.
COURTNEY.

It is true the eventual interest of an heir in an unliquidated succession is generally very hard to be appraised. Such a sacrifice of property was apprehended from this source in France that the Napoleon Code (Art. 2205) forbade the personal creditors of the heir to expose at sale the undivided portion of a co-heir in the immovables of a succession prior to a partition. And in our former Code this prohibition was perhaps wisely extended still further: "The undivided share belonging to a co-heir in a succession cannot be seized on execution, but the creditors have the right to demand a partition of the estate between the co-heirs." Code of 1808, p. 490, Art. 6.

In the new Code this Article was omitted, and in *Noble* v. *Nettles*, 3 R. 153, it was held to have been repealed by the great repealing statute of March 25th, 1828. In that case, and the subsequent case of *Mayo* v. *Stroud*, 12 R. 105, the doctrine was recognized that the *entire interest* of a co-heir in a succession fallen to him may be seized and sold under execution at the instance of a creditor of the heir by pursuing the requisite formalities. The warrant for such a doctrine was held to be found in the Article 647 of the Code of Practice, which declares that "if the debtor has neither movables nor slaves nor immovable property, the Sheriff may seize the *rights* and *credits* which belong to him, and all sums of money which may be due to him in whatsoever right, unless it be for alimony or salaries of office."

But this doctrine does not dispense the Sheriff from the necessity of seeing that a description of the property seized be given in as accurate a manner as the nature of the case will allow, so that bidders may know what they are bidding for, and the property of the debtor may not be unnecessarily sacrificed, as it appears to have been in this instance. In this case the proportion of the heir's interest in the succession was not given either in the return of the seizure or the advertisement of sale. It did not appear how many heirs there were, nor of what property the succession consisted, nor what was the amount of the inventory.

In *Gales* v. *Christy*, 4 An. 295, our predecessors held that "the judicial sale to the plaintiff of the rights, interests, claims and demands of the heirs of *Thomas Beale*, sr., in right of their inheritance of their deceased father, on their mother and tutrix, was void, by reason of the vagueness and insufficiency of the description of the thing sold. The nature of the rights, interests, claims and demands should have been stated in such a manner as to give bidders a clue to their value. Art. 647 of the Code of Practice, authorizing the seizure of the rights and credits of the debtor when he has neither movable nor immovable property nor slaves, does not dispense with a proper description of the rights and credits seized. The seizure and sale in this case were illegal and void."

The present case falls within the reason of the rule thus announced in *Gales* v. *Christy*.

The appellant contends that the plaintiff is concluded by a judgment homologating the final account of the administrator of the succession of *Elizabeth Dearmond*, whereon the defendant was placed as the transferree of his interest as heir by virtue of the Sheriff's sale. But the plaintiff was not a party to that decree, and is not bound by it.

It was also contended, at a late stage of the proceedings in the court below, that the plaintiffs in execution, under whose judgments the defendants in this suit purchased, should have been made parties to the present action. They

have no interest in it, as the money which they received from the purchaser at DEARMOND
the Sheriff's sale has been refunded to her by the judgment, and she can have *v.*
no claim upon them.   She is reinstated where she stood before the purchase, COURTNEY.
and justice has been done to all parties.

Judgment affirmed. .

MERRICK, C. J., recused himself in this cause, having been of counsel.