## No. 9504.

### ADOLPH LEVY VS. SUCCESSION OF I. L. LEHMAN ET ALS.

An attachment cannot legally issue against a succession or the property thereof, whether the succession is opened and administered in this State or in another State.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellant:

1. An attachment against a non-resident does not fall by his death, but thereafter a *curator ad hoc* may be appointed to his succession and his absent heirs, and judgment rendered, with privilege and preference on the property attached. Bussey vs. Nelson,. Supreme Court, No. 7160.

2. And. as an attachment against a resident would fall by death, therefore an attachment cannot issue against the succession of a resident; but the rule does not apply to that of a non-resident.

*Robt. H. Marr, Jr.*, curator ad hoc.

*Farrar & Kruttschnitt* for Defendants and Appellees :

I.

No court in Louisiana, either upon principle or authority, has the power to issue a writ of attachment against the property of a deceased *non-resident*. Delbuys vs. Yerby, 1 N. S.. 380; Oaky vs. Ducker, 13 La. 378: Trimble vs. Brichta, 10 Ann. 779; Cheatham vs. Carringtom. 14 Ann. 696.

II.

The succession of persons domiciled out of the State of Louisiana, and leaving property in this State at their demise, are to be opened and administered upon as are those of citizens of the State. R. S. § 3677.

III.

That the estate of a dead man is a distinct and separate entity—a distinct and separate succession—in each and every State or country where he leaves property, is well settled. Succession of Taylor, 23 Ann. 22; Burbank vs. Payne & Harrison, 17 Ann. 15; Atkinson vs. Rogers, 14 Ann. 633.

IV.

The case of Bussey vs. Nelson, Manning's Unreported Cases, p. 339, is correctly decided; but has no application to the case at bar.

V.

A writ issued by a court without jurisdiction is mere *brutum fulmen*, and may be ignored by any person having an interest in ignoring it. State ex rel Liversey vs. Judge, 34 Ann. 741.

---

The opinion of the Court was delivered by

Todd, J. The plaintiff, a creditor of I. L. Lehman, a resident of Kentucky, where the debt was contracted, and who died there, instituted a proceeding by attachment, wherein was seized a stock of goods in this city in the possession of A. R. Lehman and Theodore Frois, doing business under the name of Lehman & Frois. The suit was brought after the death of I. L. Lehman, the debtor, and it was alleged that the goods were shipped to Lehman & Frois by I. L. Lehman during his lifetime, and belonged to him at his death, and that the title thereto set up by Lehman & Frois was a pure simulation. These last named parties were joined in the suit. A *curator ad hoc* was appointed to represent the succession of I. L. Lehman, which was stated to be under administration in the State of Kentucky, and in charge of an executor appointed there.

Judgment for the debt claimed was prayed for against all the parties defendant, and it was further asked that the title to the stock of goods in possession of and claimed by Lehman & Frois, be declared simulated, and the same be decreed subject to the debt sued upon, and sold to pay the same.

There was a motion to dissolve the attachment filed by the *curator ad hoc* and a similar one by the other defendants, (Lehman & Frois), coupled with a further motion to quash the seizure which were sustained, and from a judgment dissolving the attachment and quashing the seizure, the plaintiff has taken the appeal now before us.

The motions contained several grounds, only one of which we deem it necessary to notice and that is to the effect:

"That a writ of attachment under the laws of Louisiana cannot issue against a succession; but that plaintiff's remedy, if any cause of

action be had, is by regular proceedings, to open and administer upon the succession of said Lehman in this State."

The writ of attachment under our laws is termed a conservatory writ, and inasmuch as its issuance is authorized in advance of any judgment for the debt sought to be secured by means of it, the right to resort to it is closely guarded; and it can only be obtained in certain exceptional and well defined cases, and with the observance of clearly prescribed formalities. A cursory glance at these special legal provisions relating to this writ, will show beyond question, that an attachment cannot issue or be directed against a succession or succession property. These provisions indubitably contemplate and refer to the condition or acts of a living debtor as controlling the issuance of the writ. This will be plainly seen by citing some of them. Thus an attachment may issue where the debtor is about leaving the State permanently; where he resides out of the State; where he conceals himself to avoid being cited; where he is about to dispose of his property and with intent to defraud his creditors, etc.

All of which conditions exclude the idea that these prescribed requisites for the writ can, by the most strained construction, be made to apply to successions, succession property or succession debts.

Another consideration respecting successions and their administration, présents quite as formidable obstacles as the above against the proposition of succession property being subject to the writ of attachment. It is an elementary principle relating to successions, that the rights of creditors are fixed at a man's death; that succession property constitutes a common fund, the equal pledge of all the creditors except as relates to privileges and mortgages acquired before the death, and provision is made for the concurrent payment of all debts according to their rank; which precludes one creditor by superior diligence or by any device or process whatever after death, from obtaining an advantage over others. Boyce vs. Escoffie, 2 Ann. 573; Kismer vs. Duncan, ex., 3 N. S. 570.

Another consideration that suggests itself in this connection is, that an attachment being a conservatory remedy, is only designed to hold the property *pendente lite*, that it may be sold under the proper writ to satisfy the judgment when obtained. But nothing is better settled than that succession property cannot be sold under a writ of *fi. fa.*, the only writ by or through which an ordinary moneyed judgment can be executed. 1 Ann. 173; 13 Ann. 476; 25 Ann. 154.

It seems, however, almost idle to engage in a discussion of general principles pertaining to this subject, when the direct issue involved

has been so often decided by this Court that the jurisprudence on the question has been completely settled. See Debuys vs. Yerby, 1 N. S. 380; Trimble vs. Brechta, 10 Ann. 778; Cheatham vs. Carrington, 14 Ann. 696.

Nor is the case of Bussey vs. Nelson (Manning's Unreported Cases, p. 339) invoked by plaintiff's counsel opposed to those above cited, since in this last case the debtor was alive when the attachment was issued and executed.

Finally, it is contended that Lehman & Frois have no right, or are not in a position to make objection to the writ of attachment referring to the authorities, respecting the rights of an intervenor in a like case in support of the contention. We scarcely deem it necessary to consider this point, since this same ground which we have been considering is contained in both motions to dissolve, and if we determine the question adversely to the plaintiff, exclusively with reference to the motion of the *curator ad hoc* appointed at the instance of the plaintiff, as the representative of Lehman's succession, the legal consequences of the dissolution of the attachment would not be confined to the succession alone, but would extend to all affected by the seizure; that is, it would operate to annul the seizure as to all parties interested.

Judgment affirmed with costs.