## No. 11,977.

### SUCCESSION OF M. J. GIDDENS.

One who is not a creditor of a succession has no right to demand that the administrator of the same shall file an account of his administration.

When the community is dissolved by the death of one of the spouses, the survivors and the heirs are each seized of one undivided half interest in the community property, subject to the rights and privileges of the community creditors. This interest can be mortgaged or sold, and is therefore subject to seizure by a judgment creditor of the heir or of the surviving spouse.

APPEAL from the Ninth Judicial District Court for the Parish of Red River.  *Hall, J.*

*J. C. Egan* for Rawlins, Plaintiff, Appellee.
*J. F. Pierson* for Defendant, Appellant.

Argued and submitted December 21, 1895.
Opinion handed down January 6, 1896.
Rehearing refused February 10, 1896.

The opinon of the court was delivered by

McENERY, J.  This case was appealed by D. M. Giddens from a judgment ordering him to file a final account of his administration of the succession of his deceased wife.  He administered the same as tutor of his minor children.

For a fuller understanding of the issues involved, reference is made to the case of Rawlins vs. Giddens, reported in 46 An. 1136, and the decree on the application for a rehearing, same volume, p. 1145.  In the decree on the rehearing our former decree was avoided and the judgment appealed from reversed, except that part of it against D. M. Giddens for the debt of the plaintiff, Rawlins. The right of the plaintiff, Rawlins, was "reserved by proper proceedings, to force a final settlement and liquidation of the community between D. M. Giddens and his deceased wife, Mary J. Armistead, and to subject to satisfaction, according to law, for his judgment, the interest of his debtor thus ascertained." Under this decree the plaintiff proceeded against the tutor and administrator to compel him to "file a full and complete and fair account of his administration." The necessary order was issued.  D. M. Giddens, the tutor administrator, filed an exception to the petition of no cause of action, as he has no right to compel any account of. the succession of M. J. Giddens; that he does not show that he is a creditor of the said succession or an heir of the deceased.  He further excepted that the two sons of D. M. Giddens, the sole heirs of said succession, had not been made parties.  There is a community between D. M. Giddens and his deceased wife to settle.  This the decree announces in the case of Rawlins vs. Giddens, before referred to.

A party not a creditor of a succession has no right to provoke the appointment of an administrator to it, and if an administrator has been appointed, one not a creditor of the community, or of the succession, has no right to compel the administrator to file an account. The relations between D. M. Giddens and his minor children do not concern the plaintiff, and the plaintiff is without authority to compel him to account to them, although his proceeding may be intended to ascertain the eventual interest of the tutor .in the community property, which he is administering. The moment the commu·iity is dissolved, the rights of the surviving spouse and the heirs are fixed. If the community owes no debts, the surviving spouse and the heirs are each seized of an undivided half interest. If the succession is in debt, the interest is eventual, but not beyond the reach of the individual creditors of each, subject to the superior rights and privileges of the creditors of the community. All the rights of the heirs may be seized in the succession, subject to the debts and charges.

Code Practice, 647; Noble vs Nettles, 3 Rob. 152; Mayo vs. Stroud, 12 Rob. 105; Dearmond vs. Courtney, 12 An. 251: Boisse and Husband vs. Dickson, 31 An. 747; Heirs of Fly vs. Noble, 37 An. 667.

The surviving spouse and the heirs can mortgage their undivided share or interest, as they own the same in full ownership, subject to the usufruct in favor of the former, and always burdened with the claim of the creditors. Dickson and Husband vs. Dickson, 36 An. 453. They can therefore sell or dispose of the same.

It is such a right of interest as can be seized and sold on execution by a creditor of the surviving spouse, or of the heirs.

In such a case the purchaser would stand in the same relation to the community or the succession as the debtor would have done on a full and complete settlement of the same. He would be in a position on the final settlement, if there was anything left, to demand a partition and receive the interest which he had acquired. If he purchased the interest of the surviving spouse he would hold in indivision with the heirs, and be in a position always, as they are, to protect the interest which he had acquired.

The plaintiff did not correctly interpret our decree in the reservation of his rights "to force a final settlement and liquidation of the community." It was merely suggestive as to the proper remedy. The ·proceedings adopted by the plaintiff would not have the effect

of a partition suit in separating the interest of his debtor from that of the heirs, and rendering the specific interest subject to seizure for the satisfaction of his debt. The provoked account might be final and complete. The account might show what was due the heirs and the property in the succession in which the heirs have an interest. They could, if they so desired, still hold it in indivision with the tutor or administrator in the same manner as if the community had owed no debts and the heirs had been placed in possession in conjunction with the surviving member of the community. The judgment creditor of one of the spouses would be compelled to seize the undivided interest of his de tor, and the purchaser would eventually be driven to a suit for the partition of the property held in indivision by him and the heirs.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the plaintiff's suit be dismissed, with the reservation in his favor, as announced in the decree in the case of Rawlins vs. D. M. Giddens *et als.*, No. 11,480 on the docket of this court, and reported in 46 An. 1146.

MR. JUSTICE WATKINS recused.