BRUNOT, J.
 

 Relator’s application grows out of a contest over the .net share of an heir in the succession-of Ophelia Chapman, deceased. The deceased was married twice. She died intestate, leaving an estate in community with Mithridate Billeaudeaux, her surviving husband, and four children, the issue, of her first marriage. One of these children is Durand Manuel, whose -interest
 
 *147
 
 in his mother’s succession is the property involved in this proceeding.
 

 On December 31, 1921, J. Z. Fontenot & Co' filed a suit, coupled with an attachment, against Durand Manuel, and served notice of garnishment and interrogatories on Mithridate Billeaudeaux on January 3, 1922. In a proceeding by rule on the sheriff, the district court rendered a judgment on January
 
 4,
 
 1922, recognizing Mithridate Billeau'deaux as the surviving partner in community, and recognizing the four children of Ophelia Chapman as her sole heirs, and sending these parties into possession of the estate in the proportion of four-eighths of the entire community property to Mithridate Billeaudeaux and one-eighth thereof to each one of the four children. This judgment was rendered, signed, and recorded the day following the service of notice of garnishment upon Mithridate Billeaudeaux. On the same day, but after the recordation of the judgment, Durand Manuel, by authentic act, sold all of his right, title, and interest in and to' the succession of his deceased mother to Henry Lafleur for a cash consideration. On January 7, 1922, or 3 days after Durand Manuel had disposed of his interest in the succession of his mother, J. Z. Fontenot & Co. had notice served upon him of the seizure levied under the attachment sued out on December 31, 1921. On February 3, 1922, the garnishee answered the interrogatories propounded to him, as follows:
 

 “I had and still have in my hands and under my control all the properties described in the inventory taken by Edward Duard, notary public, and on file in the estate of Ophelia Chapman, and in which Durand Manuel owns an undivided one-eighth interest, less the debts due by him to the estate of his deceased mother, Ophelia Chapm’an.”
 

 We will note here that the garnishee answered the interrogatories 30 days after Durand Manuel had been recognized as heir and sent into possession of a one-eighth undivided interest in the estate by a judgment of the court, and 30 days after he had sold his interest in the estate to Henry Lafleur.
 

 On February 10, 1922, Mithridate Bilieaudeaux filed a partition suit, in which Henry Lafleur intervened, and in which the court rendered a judgment maintaining the intervention, recognizing Henry Lafleur as the owner of the one-eighth undivided interest in the estate which he acquired from Durand Manuel, ordering the property sold to effect a partition thereof, and referring the parties to Edward Dardeau, notary public, to make the partition. The property was sold and the proceeds were partitioned among all of the co-owners, except the net share inherited by Durand Manuel, which net share the notary deposited in the registry of the court pending the settlement of the respective claims thereto asserted by Henry Lafleur and J. Z. Fontenot & Co.
 

 In the subsequent proceedings, the district judge refused to recognize the validity of the seizure under' the garnishment proceedings, or the asserted privilege resulting from that proceeding, and rendered judgment in favor of Henry Lafleur, and ordered that the fund in the registry of the court be paid to him. The Court of Appeal affirmed'this judgment, and relator’s application to this court for certiorari and writs of review followed.
 

 The question to bé decided in this case is whether the interest of an heir in an unliquidated succession, that has no legal representative, can be seized and attached by the service of garnishment proceedings upon the surviving husband and co-owner of the community property.
 

 If the property may be thus' attached, the seizure will become effective immediately upon the service of the interrogatories upon the garnishee.
 

 “The property and effects in the possession of a third person, belonging to the defendant, or debts due by him to such defendant, shall be decreed to be levied as by the sheriff, from the date of the service of the interrogatories.” C. P. art. 246.
 

 
 *149
 
 A right of inheritance is an intangible, incorporeal thing, which is incapable of being physically possessed.
 

 “Incorporeal things are such as are not manifest to the senses, and which are conceived only by the understanding; such as the rights of inheritance,” etc. C. C. art. 460.
 

 The right of inheritance, like all other rights and obligations, may be seized and attached, but the only way in which the right of inheritance in an unliquidated succession, that has no legal representative, can be seized, is by service of the notice of seizure upon the owner of the right. We know of no authority which authorizes such a seizure by the garnishment process. The articles of the Code of Practice relied upon by relator do not. The moment the community is dissolved by the death of one of the two spouses, the rights of the surviving spouse and heirs are fixed. They are each immediately seized of an undivided interest in the property in full ownership. If the succession is in debt, the interest is eventual; but the title to the property is vested in the surviving spouse and heirs, and each may mortgage, sell, or dispose of his or her undivided interest therein. Succession of Giddens, 48 La. Ann. 356, 19 So. 125.
 

 Kelator cites the case of Broussard v. Bernard, 7 La. 216, which case, we think, supports the view we have just expressed. The conclusions announced in that ease are tersely stated in the syllabus, as follows :
 

 “A community of acquests and gains as such ceases to exist at the moment of the death oí one of the partners, with all the legal effects resulting from it. Each party is seized of one undivided hall; of the property composing the mass, and the surviving party cannot alienate the share not belonging to him.
 

 “If the survivor of a community of acquests and gains continues to administer it without provoking a partition and is tacitly permitted to enjoy the common estate, he will be considered, except in eases where lie may have a legal usufruct, as intermeddling, and his responsibilities will be those of a negotiorum gestor.”
 

 No question of usufruct arises in this case because there was no issue of the marriage between deceased and her surviving husband. Since Act 57 of 1910 it is only in intestate successions and where the deceased has left issue of the marriage,with the survivor that the right of usufruct exists. C. C. art. 916.
 

 The only case that was ever brought to this court in which an attempt was made to garnishee an heir’á interest in a succession is Deblieux v. Hotard, 31 La. Ann. 194. In that case the succession was administered by an exeputor, who had full seizin of all of the assets, consisting of movables, immovables, and cash. The executor was made garnishee, and he answered that he was in possession of the entire estate, and that the áebtor was an heir to one tenth of the estate, but that the amount due him could not be ascertained until the estate had been administered and settled. On suggesting to the court that the garnishee admitted having in his possession property and effects belonging to the judgment debtor, the plaintiff moved the court to order the executor to turn oVer to the sheriff the property, rights, credits, and money belonging to the debtor and under his control when the same shall become due, and that the same be applied to satisfy, as far as may be, the writ of fi. fa. in the hands of the sheriff. , The motion was denied, and plaintiff appealed. This court dismissed the appeal, because the order was an interlocutory one, and did not work irreparable injury ;, but even in this case the court declined to express an opinion as to the validity of the seizure.
 

 The bona fides of the sale by Manuel to Lafleur are not attacked-. No notice of seizure was recorded in the mortgage or conveyance records of the parish, and the notice of seizure was not served upon Durand Manuel until 3 days after the passage and recordation of the sale of his interest in his mother’s succession to Henry Lafleur.
 

 It may be noted that thé fund in contest
 
 *151
 
 was never in tlie possession or under the control of the garnishee. The proceeds of the sale of the property comprising the estate passed from the purchaser to the auctioneer, who transmitted them to the notary, and -the net share inherited by Durand Manuel was deposited by the notary in the registry of' the court.
 

 Many authorities are cited by counsel -which announce or reaffirm sound principles of law, We do not think it necessary to refer to them, because we fail to note their application to the question presented to us in this ease.
 

 It is our opinion that garnishment is in the nature of a proceeding in rem, and that a right other than a debt, which is incapable of being physically possessed, can only be seized by service of notice of seizure on the debtor.
 

 Whether relator has recourse against the garnishee, as the-result of his answers to the interrogatories propounded to him, is a question which is not before us and upon which we express no opinion.
 

 For the reasons assigned, it is our opinion that the judgment rendered by the district judge and affirmed by the Court of Appeal is correct. Therefore the order ’of this court to show cause is recalled and set aside, and relator’s application is dismissed, at its cost.
 

 THOMPSON, J., dissents.