No.——

First Circuit

MARTEL v. ROVIRA

(May 8, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Action—Par. 12.**
Where more land was seized than was owned by defendant, he cannot com-

plain of the excess seized because he has no interest in the matter.

2. **Louisiana Digest—Execution—Par. 33, 65.**

The undivided interest of an owner in a tract of land is intangible and incorporeal, and in such a case service of the notice of seizure on the debtor is sufficient although actual seizure is impossible.

3. **Louisiana Digest—Injunction—Par. 15; Execution—Par. 82, 83, 85.**

The judgment debtor had no ground for injunction because of the premature execution of the judgment from which he could have perfected his right by a timely appeal.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by J. Sully Martel against Edwin J. Rovira.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. Sully Martel, of Franklin, attorney for plaintiff, appellant.

Borah, Himel, Block and Borah, of Franklin, attorneys for defendant, appellee.

## MOTION TO DISMISS.

MOUTON, J. Under the ruling of the Supreme Court in this case we think plaintiff has a right of appeal, and the motion to dismiss is therefore denied.

## MERITS.

In execution of a judgment obtained by Rovira against Martel, the Sheriff seized the undivided interest of the latter in a tract of land in the Parish of St. Mary. Martel applied for an injunction to arrest the sale under the seizure. The Court ordered defendant, seizing creditor, to show cause why a preliminary writ of injunction should not be granted, and at the same time issued a restraining order compelling the Sheriff to desist from selling the property pending the application for the injunction.

The restraining order was signed June 10, 1927, while the sale was advertised for June 11, 1927, and was therefore not consummated as advertised.

The injunction and restraining order were obtained by plaintiff on the following grounds:

(a) That plaintiff was warrantor for part of the land seized which he had sold to Stafford, Feitel and Cherry; and that more of the undivided interest had been seized than he owned.

(b) That the seizure was illegal because the Sheriff had not taken actual possession of the property.

(c) That the writ of fi. fa. had been issued prior to the expiration of ten (10) days from service of the notice of judgment.

On an exception of no cause or right of action levelled against the petition for the issuance of the temporary injunction, the restraining order was dissolved, and judgment was rendered against plaintiff and his sureties for an amount less than twenty per cent (20%) of the amount of the judgment that had been enjoined.

Plaintiff was not called under his obligation of warranty to Stafford, Feitel and Cherry to protect their property from an illegal seizure, unless he appeared as their agent. He could not voluntarily champion their rights, and arrest the sale. This duty rested upon his vendees. Vance vs. Noel, 143 La. 479, 78 So. 741; Connell vs. Bernhardt Paint Co., 163 La. 590, 112 So.

495; Champomier vs. Washington, 2 La. 722. Their silence might be taken as an acquiescence in the seizure. Nor can plaintiff complain that more land was seized than he owned. The proprietors that owned the excess land might complain, but not the plaintiff, who cannot champion their rights. Gusman vs. Leopold, De Poret, 33 Ann. 336.

In the case reported in Martel vs. Jennings-Heywood Oil Syn., 114 La. 903, 38 So. 612, the court said that a judgment recognizing a joint owner's right in property, cannot be enforced by means of the writ of possession. It would be impossible says the Court, for the Sheriff to execute such a writ. For the same reason it would be impossible for the Sheriff to take actual possession of an undivided interest in a tract of land. Such an interest is an ideal or abstract right, and cannot be actually seized. The right of inheritance for instance, is an intangible, incorporeal thing that can be conceived only by the understanding; and the only way such a right can be seized is by service of the notice of seizure on the owner of the right. Billeaudeaux vs. Manuel, 159 La. 149, 105 So. 256; Heirs of W. E. Fly vs. Eli Noble, 37 Ann. 667. The undivided interest of an owner in a tract of land is likewise intangible and incorporeal, and in such a case service of the notice of seizure on the debtor is sufficient. Actual seizure in this case was not possible, and could not be effected.

The third and last complaint of the plaintiff is that the fi. fa. was issued within ten (10) days from notification of the judgment. This right is in the interest of the defendant and as it does not affect public order he may waive it. C. P. 567; Regan vs. Washburn, 39 Ann. 1071, 3 So. 178. This delay is granted the judgment debtor to consider whether or not he will take a suspensive appeal. Even when he takes a devolutive appeal, his right to suspend the judgment may be considered as waived. Legget & Bros. vs. Potter, 9 La. Ann. 309. The judgment creditor may take the risk of a premature execution, and if not suspended by a suspensive appeal, the execution will be given effect. Regan vs. Washburn, 39 Ann. 1074-5, 3 So. 178. Plaintiff had therefore no ground for injunction because of the premature execution of the judgment, from which he could have perfected his right by a timely appeal.

The restraining order was properly set aside and judgment was correctly rendered against defendant and his sureties.