No. 3325

Second Circuit

W. B. SMITH & CO. v. LOWE

(May 20, 1931. Opinion and Decree.)

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

426

Goff & Goff, of Arcadia, attorneys for defendant, appellee.

WEBB, J. In this action plaintiff, W. B. Smith & Company, a corporation, seeks to have a sheriff's deed which purports to transfer to it an undivided one-tenth interest of H. D. Lowe in and to all of the property belonging to the estate and succession of Charles Lowe, deceased, and especially in the S½ of the SW¼ of the SW¼ of NW¼, section 22, township 17 north, range 8 west, reformed so as to substitute for the land described the W½ of SW¼ and SW¼ of NW¼, of section 28, township 17 north, range 8 west.

The sheriff's deed was made in execution of a proceeding in rem, or attachment proceeding by plaintiff against H. D. Lowe, defendant, who was alleged to have been an absentee, in which the return on the writ shows that the property seized was the same as described in the sheriff's deed, which was also the same as described in the advertisement of the sale.

Plaintiff alleged, however, that the estate or succession of Charles Lowe did not own the land described in the deed, but that it did own the W½ of SW¼ and SW¼ of NW¼ of section 28, and that the sale of the interest of H. D. Lowe in the estate and succession transferred the interest of H. D. Lowe in the land belonging to the estate and succession of Charles Lowe.

In answer to the action to reform the sheriff's deed, defendant attacked the judgment rendered in the attachment proceedings on numerous grounds, as well as the sale made thereunder, and prayed that plaintiff's demands be rejected; and on trial judgment being rendered in favor of plaintiff, as demanded, defendant appeals.

The evidence does not indicate that the land in section 28 was actually seized or sold, and we gather that plaintiff bases the right to have the sheriff's deed reformed on the proof that Charles Lowe, father of defendant, owned the land in section 28 and did not own the land in section 22, and the record showing the seizure of the interest of defendant in the estate or succession of his father.

It is conceded that the right of an heir in a succession, an incorporeal right, is subject to seizure and sale (Art. 647, Code Prac.; Noble v. Nettles, 3 Rob. 153; Mayo v. Stroud, 12 Rob. 109; Dearmond v. Courtney, 12 La. Ann. 251; Boisse v. Dickson, 31 La. Ann. 749), and assuming that the land in section 28 was an asset of the succession of Charles Lowe and that defendant had an interest in the succession which was properly seized and sold (which implies that the succession was not closed, Billeaudeaux v. Manuel, 159 La. 146, 105 So. 256; Medicis v. Medicis, 155 La. 171, 99 So. 27), we do not think that the sheriff's deed can be reformed, so as to include in the description of the property seized and sold, property of another character, such as the interest in lands which may have belonged to the succession of Charles Lowe, or defendant, H. D. Lowe, which the record does not indicate was seized, advertised or sold.

Without considering the questions raised relative to the validity of the judgment and sale, and under the assumptions, as stated, we are of the opinion that plaintiff would have the right to have the succession administered and take the residuary interest of H. D. Lowe in the succession (Boisse v. Dickson, supra); and any rights which plaintiff may have under the sale will be reserved to him, as well as the right of defendant to interpose any de-

fenses to the action which may be brought by plaintiff to determine its rights under the sheriff's deed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and plaintiff's demands rejected at its cost, reserving to the parties the rights referred to above.