**FIRST NAT. BANK & TRUST CO. OF VICKSBURG v. DREXLER.**

No. 5326.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Thompson & Thompson, of Monroe, for appellee.

HAMITER, Judge.

The parties litigant in this proceeding are nonresidents of the state of Louisiana. Plaintiff is a national banking corporation, domiciled and doing business in Vicksburg, Miss., while defendant is a resident of Houston, Tex. The suit is on a promissory note. Jurisdiction of defendant is sought by means of a writ of attachment.

According to the allegations of the petition, defendant's uncle, whose name was identical with that of defendant, died in Franklin parish, during the month of September, 1935, leaving a large estate. The will of said decedent was probated in the district court of that parish, and a testamentary administration of his succession followed. Mrs. Katie Lum, of Vicksburg, Miss., and Mrs. Eula Trezevant, a resident

of Richland parish, qualified as executrices of the estate. Defendant Drexler possessed an undivided one-eighteenth interest in such succession, by reason of his being a testamentary heir and legatee.

Under the above-mentioned writ of attachment, plaintiff attempted to seize and attach defendant's said succession interest. The procedure resorted to for the effecting of that seizure was as follows:

1. Curators ad hoc were appointed to represent the defendant Drexler and the executrix, Mrs. Katie Lum, both of whom were nonresidents of this state.

2. Service of the attachment and citation was made on the defendant by affixing copies of same on the front door of the courtroom where the district court is held in Franklin parish, and also by delivering copies thereof to the curator ad hoc appointed to represent him.

3. Notice of seizure under the writ of attachment was given the defendant by posting upon the courtroom door and by service on his curator ad hoc.

4. Copies of the original petition and notices of seizure were served on the executrix, Mrs. Katie Lum, through her curator ad hoc, and on her coexecutrix, Mrs. Eula Trezevant, by means of personal delivery.

Defendant Drexler and the two above named executrices filed pleas to the jurisdiction of the trial court. These were sustained, after due hearing, and plaintiff's suit was dismissed at its cost. This appeal resulted.

It is contended that the court was without jurisdiction for the reason that:

1. The law of Louisiana does not accord the privilege of attachment proceedings to nonresident creditors.

2. No attachment can legally issue against a succession or against succession property.

3. Jurisdiction in this case is dependent upon the actual and physical seizure of property under the writ of attachment, and no such seizure has been made.

■ The first above-mentioned contention must be held to be without merit under the authority of Act No. 220 of 1932, and the case of Jackson State Nat. Bank of Jackson, Miss. v. Merchants' Bank & Trust Co. of Jackson, Miss., 177 La. 975, 149 So. 539, 540.

The above-mentioned act provides:

"That in all suits instituted in any of the courts of this State in which the demand is for a money judgment and the defendant is a non-resident of this State, or when the defendant is not domiciled in this State, whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment against the defendant's property, whether the claim be for a sum certain or for an uncertain amount, and whether the claim be liquidated or unliquidated, upon making affidavit and giving bond as now required by law in suits against non-resident defendants, provided that the provisions of this Act shall not apply in cases in which the defendant has a duly appointed agent in the State of Louisiana upon whom service of process may be made." Section 1.

It is to be noticed that the writ of attachment is authorized by the provisions of such statute, "whatever may be the nature, character or origin of the plaintiff's claim," and that a nonresident plaintiff is not therein denied the use of said process.

In the Jackson Case, supra, plaintiff caused a writ of attachment to issue, and certain funds belonging to defendant were seized thereunder. The suit involved a demand for a money judgment. Both parties to the proceeding were nonresidents of Louisiana. Defendant excepted to the jurisdiction of the trial court on the ground that both plaintiff and defendant were domiciled in Mississippi; that neither was engaged in doing business in this state; and that the cause of action set forth in the suit arose entirely in the state of Mississippi. The Supreme Court upheld the trial court's jurisdiction of the case, and overruled the exception. In the course of the court's opinion, written by Mr. Justice Overton, the provisions of Act No. 220 of 1932 were quoted and interpreted, and the following was said:

"The crucial clause in the foregoing act to be considered is the clause enacting that, 'In all suits * * * in which the demand is for a money judgment and the defendant is a nonresident of this State, or when the defendant is not domiciled in this State, whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment. * * *'

"This clause, we think, couched, as it is, in language which approaches being all-inclusive, gives a plaintiff a right to at-

tach, in the courts of this state, on a claim or cause of action for money against a nonresident corporation, or against one not domiciled and not represented in this state by an agent for service of process."

Although no specific comment is offered in the aforementioned opinion regarding the question presently under discussion, in view of the issues raised under the exception and of the conclusion reached in the case, it is obvious that the Supreme Court was of the opinion that the process authorized by the above act was available to all plaintiffs, irrespective of their residences.

It is argued by defendant, however, that, if said Act No. 220 of 1932 gives to a nonresident plaintiff the right to resort to the writ of attachment, such statute has been repealed by Act No. 8 of the Third Extraordinary Session of 1935. This last mentioned act provides in part that:

"No foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State, provided that nothing in this act shall be construed to prevent the bringing of a cause of action against any such foreign corporation."

These quoted provisions, as we view them, affect only foreign corporations who are doing business in this state. It does not appear from the record, nor is it contended by defendant, that plaintiff was doing business in Louisiana at the time of the institution of this suit. We are of the opinion that said Act of 1935 is inapplicable to the case at bar.

It is next urged that the trial court had no jurisdiction of this case for the reason that an attachment cannot legally issue against a succession or against succession property. In support of that contention, counsel relies on and quotes from the case of Levy v. Succession of Lehman, 38 La.Ann. 9. Involved in that proceeding was an attachment of property belonging to a decedent's succession, resorted to for the purpose of aiding in the enforced collection of a debt of such decedent. The Supreme Court, in decreeing the seizure to be illegal, followed the well-established jurisprudence and held that an attachment cannot issue or be directed against a succession or succession property. One of the principal reasons prompting that decision was that:

"It is an elementary principle relating to successions, that the rights of creditors are fixed at a man's death; that succession property constitutes a common fund, the equal pledge of all the creditors except as relates to privileges and mortgages acquired before the death, and provision is made for the concurrent payment of all debts according to their rank; which precludes one creditor by superior diligence or by any device or process whatever after death, from obtaining an advantage over others."

The doctrine of the Levy Case, however, is not applicable to this controversy. Here the attachment was not issued against property of a decedent's succession, nor was it employed for the purpose of enforcing the payment of a debt due by that decedent. This proceeding was instituted on a debt due by an heir of a deceased person, and the attachment issued only against the heir's undivided one-eighteenth interest in and to the said person's succession. The property sought to be attached herein consisted solely of defendant's right to participate or share in the estate of his deceased uncle. That right was not and cannot be considered property of a succession.

The right of inheritance is not manifest to the senses, and is conceived only by the understanding. It is classified under our law as incorporeal property. Civil Code, art. 460. In this state the seizure and sale of such a right is authorized to be made in satisfaction of debt. Code of Practice, art. 647; Noble v. Nettles, 3 Rob. 152; Mayo v. Stroud, 12 Rob. 105; Dearmond v. Courtney, 12 La.Ann. 251; Boisse v. Dickson, 31 La.Ann. 741, 749; Billeaudeaux v. Manuel, 159 La. 146, 105 So. 256, 257; W. B. Smith & Co. v. Lowe, 16 La.App. 425, 134 So. 707.

It does not appear that the above-named executrices were interfered with or hindered, in any manner, in the administration of the succession which they represented. There was no seizure of any real property and no garnishment of funds which they had under their control and supervision. Only copies of the petition in this suit and notices of the attachment and seizure were served on them. Under the prayer of the petition, they could not be condemned by any judgment. The purpose of these services was to notify the executrices of the seizure of defendant's

property so that proper payment and deduction from the heir's interest might be made on the completion of their administration. In view of this, and of the foregoing authorities and reasoning, we hold that the second contention, under the facts of this case, is untenable.

The last complaint, under the pleas to the jurisdiction, presents a more difficult problem. Counsel for exceptors argues that in attachment proceedings, grounded on the nonresidence of the debtor, actual physical seizure of property is essential to sustain the court's jurisdiction, and that there was no such seizure in this case.

■ The law is well established in this state, as exceptors' counsel points out, that a writ of attachment in the case of a nonresident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law allowing the process. And in the absence of personal service on a nonresident defendant, to vest a court with jurisdiction, two conditions must concur: (1) There must be property of the nonresident in the territorial jurisdiction of the court; and (2) the property must be validly seized or levied upon under process issued by the court. Pugh v. Flannery, 151 La. 1063, 92 So. 699.

In the case at bar the defendant was a nonresident, as we have previously observed, and there was no personal service made on him. The right of inheritance, or the property sought to be herein attached, was in the territorial jurisdiction of the trial court, and the seizure and attachment of such property is authorized under the laws of this state, as we have hereinabove shown and held. In the case of Billeaudeaux v. Manuel, supra, the Supreme Court stated: "The right of inheritance, like all other rights and obligations, may be seized and attached." Therefore, the only question remaining for determination herein is whether or not defendant's incorporeal property was validly seized or levied upon under the process that was issued. If that question be answered in the affirmative, the trial court was vested with jurisdiction; if otherwise, it was not.

In the district court, the attaching creditor entered an admission that the sheriff made no physical seizure of any of the tangible property of the succession in which defendant had the right to share. Also, it cannot be and is not contended that the property sought to be levied upon under the writ of attachment, namely, defendant's right of inheritance, was physically seized. A right of inheritance is an intangible, incorporeal thing which is incapable of being physically possessed. Civil Code, art. 460; Billeaudeaux v. Manuel, supra.

■ Furthermore, the issuance of interrogatories to the executrices under garnishment process was properly not employed in the seizure of defendant's incorporeal property. It is our opinion that an heir's interest in a succession, which is under administration, cannot be legally seized by garnishment of the executor or administrator of that succession. In the first place, the amount of funds or the value or portion of the property which the heir will ultimately receive cannot be decided upon until the payment of all debts and special legacies, and the determination of the administration. In other words, the heir's interest is eventual or residuary. Deblieux & Co. v. Hotard, 31 La.Ann. 194. Then, too, if such garnishment were permitted, the succession representative would be materially and seriously hampered in his administration of the estate, for should his answers to the interrogatories contain a confession that he has property in his possession belonging to the debtor heir, he would be compelled under article 246 of the Code of Practice to forthwith deliver it to the sheriff.

When it is considered that a seizure of defendant's right of inheritance can be legally made under a writ of attachment, but that such incorporeal property can neither be physically attached nor be seized by means of garnishment process, it is apparent that the proper and only method for the effecting of such a legal seizure is that employed by the plaintiff in this case, namely, a constructive seizure.

In the case of Gumbel v. Pitkin, 124 U.S. 131, 8 S.Ct. 379, 31 L.Ed. 374, decided by the United States Supreme Court, certain property had been actually seized and was in the possession of a Federal Marshal. A creditor was permitted, by service of notice upon that official, to make a constructive levy on the property under a writ of attachment issued by a state court, subject to all prior liens, and without disturbing the marshal's possession.

Defendant's counsel relies on the case of Stockton v. Downey, 6 La.Ann. 581, and on later authorities which cite that case with approval, wherein the doctrine is

announced that in cases in which there is no garnishment, the actual seizure of the property of the debtor is alone the basis of the attachment and of the jurisdiction of the court, and that the sheriff must take charge of, and keep possession of, the property attached. We recognize these authorities as expressing the correct doctrine with reference to the attachment of tangible corporeal property which is capable of being physically seized and possessed; but we think they have no application to the case at bar which involves only incorporeal and intangible property.

In view of the fact that garnishment will not lie in a case of this nature, and that it is impossible to physically seize a right of inheritance, a holding to the effect that the actual physical seizure of defendant's property was essential to sustain the writ of attachment herein, would be equivalent to our concluding that such right could not be attached at all. The law, as we view it, does not favor that conclusion.

The property sought to be seized herein may be likened unto an undivided interest in a parcel of real estate. Both are incorporeal and intangible. Neither can be physically seized. Yet, we think it cannot be correctly held that no seizure can be made, under a writ of attachment, of a nonresident's undivided interest in a parcel of land situated within the territorial jurisdiction of the court. The first circuit of this court, in the case of Martel v. Rovira, 8 La.App. 385, in considering a seizure under a writ of fieri facias of an undivided interest in a tract of land, said:

"For the same reason it would be impossible for the Sheriff to take actual possession of an undivided interest in a tract of land. Such an interest is an ideal or abstract right, and cannot be actually seized. The right of inheritance for instance, is an intangible, incorporeal thing that can be conceived only by the understanding; and the only way such a right can be seized is by service of the notice of seizure on the owner of the right. Billeaudeaux v. Manuel, 159 La. 149, 105 So. 256; Heirs of W. E. Fly v. Eli Noble, 37 La.Ann. 667. The undivided interest of an owner in a tract of land is likewise intangible and incorporeal, and in such a case service of the notice of seizure on the debtor is sufficient. Actual seizure in this case was not possible, and could not be effected."

It is our opinion, therefore, that the attachment herein was sufficient, and that the district court was vested with jurisdiction of the cause.

Accordingly, the judgment of the trial court is reversed, all pleas and exceptions to the jurisdiction are overruled, and the case is remanded for further proceedings according to law. Costs of this appeal shall be paid by defendant. All other costs shall await final disposition of the case.

DREW, J., dissents.