AYRES, Judge.
This is an action in tort wherein plaintiff was awarded $2,500 in damages in a judgment, in rem, against defendant, a nonresident, jurisdiction of whom was sought by means of a writ of attachment. Defendant, represented by a curator ad hoc, made no personal appearance until after judgment, when she moved for and obtained orders of a devolutive appeal which she now prosecutes before this court.
Of the several grounds upon which defendant relies for a reversal of the judgment, we find only one necessary to consider. This ground is founded on a plea to the jurisdiction of-the court predicated upon an invalid and insufficient seizure of defendant’s property.
The principle is well settled in the jurisprudence of this State that a writ of *478 attachment, in the case of a nonresident, is not merely a conservatory writ but is the basis and foundation of jurisdiction which cannot be acquired except under strict compliance with the law authorizing the process. Therefore, in the absence of personal service on a nonresident defendant, two conditions must concur: First, there must be property of the nonresident in the territorial jurisdiction of the court; second, the property must be validly seized or levied upon under process issued by the court. Pugh v. Flannery, 151 La. 1063, 92 So. 699 (1922); First Nat. Bank & Trust Co. of Vicksburg v. Drexler, 171 So. 151, La.App., 2d Cir. 1936; Babers v. Jolly, 107 So.2d 81, La.App., 2d Cir. 1958.
Compliance with the formalities prescribed by law with reference to attachment, in order to confer jurisdiction, stands in lieu of citation, and forms the basis on which all subsequent proceedings in the cause must rest, and, hence, must be strictly observed. Putnam v. President, etc., of Grand Gulf R. R. & Banking Co., 3 Rob. 232 (1842); Collins v. McCook, 136 So. 204, La.App., 2d Cir. 1931; Inter City Express Lines v. Guarisco, 165 So. 727, La.App., 1st Cir. 1936.
The facts pertinent to the question of jurisdiction of the court now under consideration and as established in the record may now be reviewed in the light of the aforesaid legal principles.
Plaintiff's claim for damages is predicated upon injuries allegedly sustained in a fall while occupying, as a tenant, a residence upon property described as Lot 19, Perrin & Zeigler Subdivision of the City of Shreveport. The accident and resulting injuries were alleged to have been caused by a defective condition ■ of the premises. This property composes the estate of one Sallie Miles, who died about the year 1953, leaving two daughters, one of whom is the •defendant and another, now dead, who is survived by five children, residents of Louisiana. Only Willie Mae Johnson was made defendant. It was shown she had at least tacitly accepted her mother’s succession.
In instituting this action, a writ of attachment was issued at plaintiff’s request. Described in the writ and pointed out for seizure was the aforesaid described property. The sheriff noted in the return on the writ that he had taken the property into his official possession. However, during trial, plaintiff, through counsel, stipulated:
"Our writ of attachment seizes only the interest of Willie Mae Johnson in this property. Of course, if we get a judgment, then we have to open a succession and find out if there are any other children; so that only to the extent that Willie Mae Johnson has an interest in this property is our seizure effective.”
The judgment accordingly recognized the attachment of the property only as to defendant’s undivided one-half interest.
Logically following is an inquiry as to the legal requirements for a valid seizure of an undivided interest in an immovable. We may first observe, however, that an undivided interest in a tract of land, as is the right of an inheritance, is intangible and incorporeal and, as such, unsusceptible and impossible of actual seizure or possession. Billeaudeaux v. Manuel, 159 La. 146, 105 So. 256 (1925); Heirs of Fly v. Noble, 37 La.Ann. 667 (1885); First Nat. Bank & Trust Co. of Vicksburg v. Drexler, supra; Martel v. Rovira, 8 La.App. 385 (1st Cir. 1928). Therefore, inasmuch as defendant’s right of inheritance in her mother’s succession or her undivided interest in the realty could not be actually seized or attached, compliance with the rules relative to constructive seizure is essential to a valid attachment.
 The general rule is that, while a sheriff is permitted, in making a seizure, to take actual possession of immovable property, except that which is under lease or occupied by the owner, he must, in those ex *479 cepted instances, take constructive possession, as he may do in all cases involving immovables. LSA-C.C.P. Art. 326; 38 Tul.L.Rev. 1, 21 (1963). Where the sheriff cannot or does not take actual possession of the immovables, compliance with the provisions of LSA-R.S. 13:3851 et seq., with reference to constructive seizures, is required. Thus, it is required, under LSA-R.S. 13:3851:
“Whenever a party to an action or proceeding desires, to have the sheriff to whom a writ of attachment, sequestration, distringas, fieri facias, or seizure and sale is directed to make a constructive seizure of any immovable property, whether vacant or improved, under the provisions of R.S. 13:3851 through 13:3861, the party shall annex to the writ at the time of its issuance, or deliver to the sheriff to whom the writ is directed, an exact and complete description of the immovable property to be seized.”
Notices of seizure must be made in triplicate, with an additional notice for each additional party having an interest in the property to be seized (LSA-R.S. 13:3852), and served on each of the parties whose property is to be seized, and another filed for record in the office of the recorder of mortgages (LSA-R.S. 13:3853).
Moreover, as provided in LSA-R.S. 13 :- 3854,
“As soon as one of the notices mentioned in R.S. 13:3852 is filed for recor-dation in the office of the recorder of mortgages, the sheriff shall enter in a book in his office, to be known as the ‘Seizure Boole’, the description of the immovable property seized, and the date and hour of the filing of the notice for recordation in the office of the recorder of mortgages.
“The sheriff shall make his return to the court which issued the writ on the remaining notice mentioned in R.S. 13 :- 3852, showing the date and manner of the service of the notice on the party or parties whose property is seized, and the date and hour of the filing of the notice for recordation in the office of the recorder of mortgages;”
and, as provided by LSA-R.S. 13:3855,
“The entry of the description of the immovable property to be seised in the sheriff’s seizure book and the filing of the notice for recordation in the office of the recorder of mortgages, as provided in R.S. 13 :3853 and 13 :3854, shall be considered the actual seizure and possession by the sheriff of the immovable property described; and it is not necessary for the sheriff to make an actual seizure or to take actual possession thereof, or to appoint a keeper therefor.” (Emphasis supplied.)
There is no proof in the record, nor does plaintiff contend, that the aforesaid requirements for a valid seizure have been met There is no showing of the issuance and service of the notices of seizure, the-entry of the description of the immovable property purportedly seized in the sheriff’s, seizure book, or the filing of the notice of seizure for recordation in the office of the-recorder of mortgages. Therefore, the conclusion is inescapable that no valid seizure-was made of defendant’s property, and,, hence, that the court never acquired jurisdiction. The judgment appealed is therefore null and void.
No necessity exists for considering the other issues presented on this appeal. In any subsequent action, the bases for such complaints will, in all probability, be eliminated.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and' set aside; and
It is now Ordered, Adjudged, and Decreed that plaintiff’s demands be rejected' and her suit dismissed — however, without prejudice — at her cost, including the cost of this appeal.
Reversed and dismissed.