LAND, J.
 

 The Vivian State Bank has brought the present suit against the Thomason-Lewis Lumber Co., Inc., as maker, and against Mrs. W. J. Thomason and W. E. Thomason, as'indorsers bound in solido with the maker, on a’certain promissory note for the sum of $5,000. This note is dated Vivian, La., January 15, 1921, and is payable to the order of said bank six months after date, with 8 per cent, per annum interest from date, and with attorney’s fees of 10 per cent, for the collection of the note.
 

 The Vivian State Bank seeks also to have recognized and enforced its asserted lien and privilege as pledgee, against defendants and R. T. Thomason, the alleged pledgors of a ■certain time certificate of deposit of $5,000, issued by the Bank of Vivian, La., and held by the plaintiff bank as collateral security for the payment of the note in question.
 

 Judgment was rendered in the lower court in favor of the Vivian State Bank on both of these demands.
 

 Defendants have appealed from that part of the judgment decreeing the certificate to have been pledged to the bank and recognizing and enforcing the privilege claimed by the bank as pledgee.
 

 1. The time certificate in question reads as follows:
 

 “Bank of Vivian, No. 1026. Vivian, La., February 7, 1922. W. J. Thomason estate has deposited in the bank exactly five thousand dollars, $5,000, payable to the order of himself, on the return of this certificate, properly indorsed, with interest at the rate of 4 per cent, per annum if left 3, 6, or 12 months. J. D. Houston, Cashier, No interest after maturity.”
 

 Indorsement:
 

 “Pay to Vivian State Bank. Mrs. W. J. Thomason. R. T. Thomason. W. E. Thomason.
 

 “$200.00 interest paid on this certificate to 2 — 7—23.”
 

 Defendants in their answer represent that the above certificate was never pledged or delivered to plaintiff by any of the defendants, nor by any one else with their authorization; that it was never negotiated, delivered, pledged, or transferred to plaintiff in any manner, shape, or form.
 

 Defendants contend that said certificate shows on its face that it. belongs to the estate of W. J. Thomason; that they had no power or authority to negotiate or pledge same, except pursuant to an order of court regularly had in that regard, and that plaintiff is a holder in bad faith. The present suit was instituted March 25, 1924.
 

 W. J. Thomason died intestate February 10, 1920, leaving a surviving widow in community, and eight children, as his legal heirs.
 

 At the death of W. J. Thomason, there was’ outstanding a eertifiate of deposit for $10,-000 issued by the Bank of Vivian. In March, 1921, this certificate was reduced to $5,000 by the withdrawal by Mrs. W. J. Thomason, surviving widow, of one-half of the $10,000, which she invested for her own account in the stock of the Thomason-Lewis Lumber
 
 *663
 
 Company, defendant in this suit. She owned this stock in 1924, when this company went into bankruptcy. The certificate of $5,000, of date February 7, 1922, is a renewal or continuation of the remainder of the original deposit of $10,000.
 

 This deposit is clearly the property of Mrs. M. J. Thomason, as one-half of. it belongs to her in her own right as surviving widow in community, and she became the owner of the other half as usufructuary, as she could not use the money, unless expended, and the imperfect usufruct of same vested the ownership in her. R. C. C. arts. '2406, 916, 534, 536.
 

 Her liability, as usufructuary, for an accounting later on to the heirs did not affect her right, at the time, as owner, to pledge the certificate for $5,000 to the Vivian State Bank.
 

 As Mrs. W. J. Thomason owned this entire fund, the bank was not in bad faith in accepting the pledge of the certificate of deposit.
 

 Even if it be conceded, for the sake of argument, that Mrs. W. J. Thomason qualified as administratrix of her husband’s succession, and that she was confirmed as natural tutrix of her minor child, Malvin Thomason, there is nothing in the' record to show that any part of this deposit was inventoried, either in the succession of W. J. Thomason or in the tutorship.
 

 On the contrary, the evidence shows that Mrs. W. J. Thomason has treated this fund as her individual property, as shown by the withdrawal of half- of it for investment in 'her own name, and by the hypothecation of the other half to plaintiff bank for her own debt as indorser on the note in this case.
 

 As the estate of W. J. Thomason was not the owner of the $5,000 deposit, Mrs. W. J. Thomason could hot validly indorse, in a representative capacity, the certificate of deposit, either as administratrix or as natural tutrix; nor could she be compelled to do so under an order of court, even if the court should be vested with such authority in a proper- case.
 

 2. We are not impressed by the defense that the certificate was obtained surrepti-' tiously by the cashier of the Vivian State Bank, and was indorsed by Mrs. W. J. Thomason merely for the purpose of aiding her in collecting the interest.
 

 3. The remaining question to be disposed of is as to the negotiability of the certificate of deposit.
 

 In 3 R. O. L. “Bills and Notes,” § 22, we find the law on this subject stated as follows: 1
 

 “Certificates of
 
 Deposit.—Certificates of deposit issued by bankers are without doubt negotiable in the sense that they may be transferred by indorsement so as to authorize a transferee to maintain an action thereon in his own name; and the very great weight of authority holds that a certificate of deposit written in full and regular form, is a promissory note, and as such negotiable. A bona fide purchaser is protected to the same extent as an innocent holder of other negotiable paper. The differences between >a certificate of deposit and a promissory note are merely formal. In substance and legal effect the two instruments are the same; and the former, notwithstanding its name and the phraseology in which the consideration is expressed, is to be regarded and treated as a promissory note on demand. .Even although a demand is necessary before an action can be brought against the bank on the instrument, thus distinguishing the case from that of a promissory note, where the maker may be sued without any demand, this fact does not take away the negotiable .character of the instrument. Although the obligation to repay the amount represented by the certificate does not proceed from any express promise in the instrument, but springs -from the duty imposed by law, nevertheless it is held by the great weight of authority that such certificates are negotiable instruments. * * * ” Pages 846, 847.
 

 It is provided in section 1 of article 1 of Act No. 64 of 1904 (the Uniform Negotiable Instruments Law of this state) that:
 

 “An instrument to be negotiable must conform to the following requirements:
 

 
 *665
 
 “(1) It must be in writing and signed by the maker or drawer,”
 

 The certificate of deposit is in writing and is signed by the cashier of the Bank of Vivian, La., as maker.
 

 “(2) Must contain an unconditional promise or order to pay a sum certain in money.”
 

 “ (3) Must be payable on demand, or at a fixed or determinable future time.”
 

 From the law cited above, we have seen that a certificate of deposit is treated as a promissory note payable on demand. The amount stated in the certificate is $5,000 and is a sum certain, although it is to be paid with interest. Act No. 64 of 1904, § 2.
 

 “(4) Must be payable to order or to bearer.”
 

 It is provided in section 8 of said act that:
 

 “The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order. * * * Where the instrument is payable to'order the payee must be named or otherwise indicated therein with reasonable certainty.”
 

 Defendants contend in .their answer that the certificate in this case should have been transferred by the administratrix under an order of court to that effect. This • contention necessarily carries with it the admission that the payee is indicated in the certificate “with reasonable certainty,” as, upon its face, it is a deposit belonging to “the estate of W. J. Thomason.”
 

 The plaintiff bank, however, is not attacking the rights of a third person, who has acted upon the ostensible ownership of the certificate and who has acquired a pledge of same in good faith. But, as immediate pledgee of Mrs.' W. J. Thomason, the bank is asserting directly against her, as the real owner of the certificate, its lien and privilege arising from the pledge.
 

 Mrs. W; J. Thomason, being the lawful owner of the certificate, as surviving widow in community and usufructuary, must be considered as the true payee, as between the parties.
 

 For these reasons we have arrived at the conclusion that the pledge to plaintiff bank is not unavailing against her and the other defendants, because made by indorsement and delivery, and without the form prescribed in article 3158 of the Civil Code.
 

 . As said in Matthews, Finley & Co. v. Rutherford, 7 La. Ann. 225, through Mr. Justice Slidell as the organ of the court:
 

 “We are of opinion that a notarial act' of pledge, or a written act registered in a notary’s office, is a formality which is necessary to protect the pledgee against third persons. But its omission is unimportant as between the pledgor and pledgee. * * * The purpose of the law in requiring an act of pledge before a notary, describing the thing pledged, its amount, number, weight, measure, etc., was to prevent frauds upon creditors. * * * But, between the contracting parties, a notarial act never was necessary. This contract is open to proof by ordinary evidence. See Pothier, Nantissement, No. 17; Troplong, 108 et- seq.”
 

 There are no third persons intervening in this case and claiming payment by preference
 
 out
 
 of the deposit of $5,000, on the ground that the pledge to plaintiff is not made by notarial act. The pledge is therefore good between the parties.
 

 Judgment affirmed.