Plaintiff, as owner and holder of a note made and executed by the defendants, Mrs. Nadia Bloomquist Stead and her husband, Bernard A. Stead, both non-residents of the State of Louisiana, for the sum of $150, bearing date of January 1, 1941, due on January 1, 1942, with interest thereon at 8% per annum from maturity until paid, and providing for a reasonable attorney's fees, instituted this suit, after the said note had become due, against the defendants, by way of an attachment to recover the face amount of the note, with interest, as provided for by the note, and $50 as attorney's fees. Under the writ of attachment which issued, the undivided 1/7 interest of the defendant, Mrs. Nadia Bloomquist Stead, in and to the succession of her deceased father and mother, John A. Bloomquist and Eliza T. Bloomquist, was seized.
It appears that the succession of John A. Bloomquist and his wife, at the time of the attachment, was under administration. The administrator thereof appeared in this suit and filed a motion to dissolve the writ of attachment issued herein on the ground that the property of the succession was in the care and custody of the court and in the process of administration and that plaintiff was without authority to file this suit until her claim had been presented to the administrator for approval and the administrator had failed to approve the same for payment. To this motion, the plaintiff excepted for the reason that the administrator had no interest in the subject matter and further that the motion disclosed no right or cause of action. On the trial of the motion and exception, the exception of plaintiff was sustained and the administrator's motion was dismissed at his cost. The administrator has failed to appeal from the judgment rendered against him, and therefore we are not called upon to pass on the merit of his motion.
Thereafter the defendant, Mrs. Nadia Bloomquist Stead, filed a motion to dissolve the writ of attachment based on the ground that since the succession of her father and mother was under administration, her undivided 1/7 interest therein could not be attached or seized, the said succession property being then in the custody of the court. The motion was overruled or denied. The defendants made no appearance to the main demand. Judgment by default was rendered against the defendants for the sum claimed, sustaining the writ of attachment, the resulting lien and privilege recognized and ordered enforced, and ordering the property sold and its proceeds to be paid to plaintiff by preference and priority over all other creditors of defendants. The defendants have appealed.
[1-3] The sole question brought up by this appeal is whether or not the interest of an heir in a succession can be attached or seized and sold. It is now well settled that an heir's undivided share or interest in a succession may be seized and sold under execution, the only limitation being that the proceeding must concern the whole of the heir's rights in the succession, subject to the charges with which the succession is burdened, and not a specific part of the property inherited by the heir. Mayo v. Stroud, 12 Rob. 105, and many other cases, the latest being Lacaze v. Hardee, La. App., 7 So.2d 719. The purchaser of the heir's interest in the said succession then takes the place of the heir.
The many cases cited by the defendant are cases in which the plaintiffs were creditors of the succession and had attempted to seize the succession assets while the said succession was under process of administration. The present case is different in that the plaintiff is not a creditor of the succession, but is a creditor of an heir. The seizure was not one of the succession property but was a seizure of an undivided interest of an heir of a succession.
For these reasons, the judgment appealed from is affirmed. *Page 155