125 So.2d 30 (1960)
SUCCESSION OF James L. GRIFFIN, Plaintiff-Appellee,
v.
E. J. DAVIDSON, Defendant-Appellant.
No. 9339.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1960.
*31 Jones, Blackwell, Chambliss & Hobbs, West Monroe, for appellant.
McHenry, Snellings, Breard & Sartor, Monroe, for appellee.
BOLIN, Judge.
James L. Griffin died intestate on February 13, 1959, survived by his widow, Mrs. Thelma Griffin, and one child, James Everett Griffin. The deceased left an estate composed of movable and immovable property inventoried at a value of $5,500. On November 12, 1959, letters of administration were issued to Mrs. Griffin pursuant to petition filed October 15, 1959.
Following his father's death, but prior to the issuance of the letters of administration, James Everett Griffin was adjudicated a bankrupt and in that proceeding listed as an asset his interest in and to his father's estate. There being only one parcel of real estate owned by the decedent, his interest in this particular lot was offered for sale, subject to the usufruct of Mrs. Griffin, by order of the referee dated July 15, 1959, and was sold at public auction on July 28, 1959, to E. J. Davidson, opponent herein and highest bidder, for the sum of $850. A deed was executed and recorded in the conveyance records of Ouachita Parish.
Debts owed by the succession being numerous, Mrs. Griffin, as administratrix, obtained an order to sell at private sale the immovable property owned by the succession; the lot with which we are now concerned being the entirety of same. E. J. Davidson filed opposition to the rule within the delay allowed by law, claiming ownership of an undivided one-half interest in the lot free of all succession debts, subject only to the usufruct of Mrs. Griffin.
The trial court dismissed the opposition after argument thereon and declared the sale from the trustee in bankruptcy to Davidson to be null and void and ordered the deed representing such sale to be erased and canceled from the conveyance records of Ouachita Parish. The written reasons assigned show that the decision was founded upon the theory that the interest of an heir in a particular piece of property, as such, belonging to a succession, could not be seized and sold by a trustee in bankruptcy.
Opponent appealed suspensively and devolutively from the judgment but perfected only his devolutive appeal. The administratrix, pursuant to the order of the district court, sold the property herein involved for $9,000.
The questions presented herein for consideration are of a purely legal nature. It is the position of the administratrix that the bankruptcy trustee's sale of the heir's undivided one-half interest in the particular piece of immovable property belonging to the succession of James L. Griffin is an absolute nullity and the sale authorized by the district court at private sale, which has now been consummated, is valid and translative of full legal title to said property. Appellant's position is that E. J. Davidson acquired valid title to an undivided one-half interest in the immovable property belonging to the succession of James L. Griffin, subject to the usufruct of deceased's widow, Thelma Griffin, free of all succession debts except the special mortgage affecting said property on the following legal theory, to-wit: (1) that upon adjudication of the bankrupt, the trustee by operation of law is vested with title to any property belonging to the bankrupt and can legally sell same at public sale; (2) that the purchaser acquired title free of all liens except the special mortgage on the property, the creditors of the succession of James L. Griffin being required to file their claims against said James L. Griffin, deceased, the father of the bankrupt, in the bankruptcy proceedings of the son, James Everett Griffin; (3) that the heir, James Everett Griffin, by listing on the schedule of assets in *32 the bankruptcy proceedings his undivided one-half interest in his father's estate, tacitly accepted the estate, the legal effect of such acceptance being that the succession of James L. Griffin ceased to exist and recourse of the succession creditors must be against the heir and not against the succession property; and (4) that the sale by the trustee is not subject to collateral attack in a State Court.
It is our opinion that the appellant's position is untenable when examined in the light of the facts of the case at bar and the applicable law of Louisiana. While we will concede that normally a trustee in bankruptcy is vested with title to any property owned by the bankrupt and can sell same at public sale, it is obvious that the trustee can only obtain such title as the bankrupt owned, and not better. Here, the bankrupt owned an undivided one-half interest in the succession of James L. Griffin, subject to the usufruct of deceased's widow, Thelma Griffin. He did not own an undivided one-half interest in the particular piece of immovable property belonging to said succession which the trustee attempted to sell to E. J. Davidson. His interest was only an undivided one-half of the residuum left after the creditors of the estate are paid and expense of the administration is paid and that, whatever rights, credits or property it may be, being subject to the usufruct of Mrs. Thelma Griffin. The listing of his interest in his father's estate in the schedule of assets in bankruptcy, which is required under the Federal Bankruptcy Law, 11 U.S.C.A. § 1 et seq., cannot fairly be construed to be a tacit acceptance by the heir of his father's estate.
The law of Louisiana is well settled that the sale of an heir's undivided interest in a particular piece of property belonging to a succession is an absolute nullity, although the sale of his entire interest in the succession, subject to the charges with which his interest is burdened, can legally be accomplished. Lacaze v. Hardee, La.App. 2 Cir., 1941, 7 So.2d 719; Mayo v. Stroud, 12 Rob. 105; Van Der Karr v. Stead, et al., La.App. 1 Cir., 1945, 21 So.2d 111, 112. Accordingly, the sale by the trustee of the heir's undivided one-half interest in a particular piece of real estate owned by the succession of James L. Griffin to E. J. Davidson was an absolute nullity.
In the case of Mayo v. Stroud, supra, the Supreme Court of Louisiana held:
"* * * It has been contended that the interest of an heir in a succession being one entire thing, may be seized and sold under execution, but that part of an interest cannot be seized.
"In the case of Noble v. Nettles, (3 Robinson, 152), we held that, under Art. 647, of the Code of Practice, the undivided share of an heir in a succession, may be seized and sold under execution. But here, the undivided portion of the intervenor to the succession of his mother, was not seized, but simply the right, title and interest of the debtor to the slaves, inherited by him and his co-heirs from his said mother, were seized and sold, and the title so acquired to the intervenor's undivided share in the said slaves, is the foundation of the plaintiff's demand for a partition thereof. The object of this suit, therefore, under the allegation of the petition, is not to make a division of the estate between the heirs, but only to divide the slaves, or their proceeds if sold, between a person originally a stranger to the succession, and the heirs of the deceased. Can this be done?
"According to Art. 867, of the Civil Code, `succession signifies the transmission of the rights and obligations of the deceased to his heirs.' It signifies also, the estate, rights and charges which a person leaves at his death; (Civ.Code, Art. 868;) it not only includes the rights and obligations of the deceased as they exist at the time of his death, but all that has accrued thereto, since the opening of the succession, and *33 also the new charges to which it becomes subject; (Civ.Code, Art. 869;) and it signifies also, that right by which the heir can take possession of the estate of the deceased, such as it may be. Ib. Art. 870. Under these definitions, how could a succession be subdivided between two of the heirs, and one or more persons strangers to it, so as to give to one the right of claiming a part of the heirship, and to another another part? The transmission of the rights and obligations of a deceased person to his heir, or to each of his heirs for his undivided portion, is an entire thing, which must be exercised in the manner, under the charges, and to the extent in which it is transmitted, and cannot be so divided as to entitle divers persons to claim separately distinct rights to distinct portions of the inheritance devolved upon the heir, and to demand the partition of divers parts of the property, and other effects of which the succession is composed. It seems, therefore, that a creditor of the heir, or one, of the heirs, cannot seize and sell the title and right of his debtor to a specific part of the property by him inherited; that the seizure must be for the whole of his said rights, including those rights, as well as the charges with which they are burthened; so that, by the effect of the sale, they would be transferred to the purchaser with all the obligations of the deceased; and it is clear, that this would not be the case, if a distinct part of the property was sold without a full transmission of the rights of the heir to the whole estate.
* * * * * *
"With this view of the question, we think, that the seizure and sale of the intervenor's title, right and interest to his undivided fifth portion of the slaves inherited by him from his mother, was illegal, and it was not a sale of all the rights and claims which he had to the succession of his said mother; that the intervenor's portion of the said succession could not be subdivided, so as to entitle divers persons to exercise them separately for divers parts; and that the Judge, a quo, did not err in considering the sale as a nullity." (Emphasis ours.)
In the case of Van Der Karr v. Stead, et al., supra, it was held:
"the sole question brought up by this appeal is whether or not the interest of an heir in succession can be attached or seized and sold. It is now well settled that an heir's undivided share or interest in a succession may be seized and sold under execution, the only limitation being that the proceeding must concern the whole of the heir's rights in the succession, subject to the charges with which the succession is burdened, and not a specific part of the property inherited by the heir. Mayo v. Stroud, 12 Rob. 105, and many other cases, the latest being Lacaze v. Hardee, La.App., 7 So.2d 719. The purchaser of the heir's interest in the said succession then takes the place of the heir." (Emphasis ours.)
It is, therefore, our opinion that the sale by the trustee of the heir's undivided one-half interest in the particular piece of property belonging to the succession of James L. Griffin was an absolute nullity. The judgment of the district court dismissing the opposition and decreeing the trustee's deed to be null and void is affirmed at opponent's costs.
Affirmed.