HOOD, Judge.
This is a possessory action filed by Mrs. Gracie Rice Normand, in her capacity as executrix for the Succession of Mrs. Emma W. Rice, deceased. The sole defendant is Tilford Deville. Plaintiff alleges that defendant has caused to be recorded in the Conveyance Records of Rapides Parish a document which constitutes an impediment in her title, as executrix, to a tract of land located in that parish. She demands a judgment ordering defendant to assert an adverse claim to the property within a period of time to be allowed by the court, or be precluded thereafter from asserting ownership.
The defendant made no appearance in the trial court. A preliminary default was entered against him, but when the default came up for confirmation judgment was rendered by the trial court rejecting plaintiff's demands and dismissing the suit. Plaintiff appealed from that judgment of dismissal. The defendant has made no appearance on this appeal.
The following issues are presented: (1) Does plaintiff, as executrix of this estate, have the legal capacity to maintain a posses-sory action? (2) If she does have the *381 capacity to maintain such an action, does the instrument which defendant has filed for record constitute a disturbance of plaintiff’s title sufficient to entitle her to the relief sought?
The record does not contain a transcript of the testimony which was taken when the matter came up for confirmation of default. Several documents were filed in evidence, however, and the trial judge assigned written reasons for judgment in which he set out his factual findings based on the evidence. We accept the facts which are set out in those reasons as being the pertinent facts which were established at the trial.
The record, including the trial court’s findings of fact, shows that Mrs. Emma W. Rice died testate on February 6, 1969, leaving as her sole legal heirs her four children, Gracie Rice Normand, Rachel Rice, James R. Rice and Mary Rice Lewis. The last will and testament left by the decedent named Mrs. Normand as the executrix of her estate. The will was probated and Mrs. Normand was duly appointed as executrix of the succession. Letters Testamentary were issued to Mrs. Normand on August 25, 1969.
Among the assets which were owned by Mrs. Rice at the time of her death was a tract of land, containing 8.78 acres, more or less, located in Rapides Parish, Louisiana. The decedent had acquired this property in 1950, and she had maintained physical possession of it from that time until the date of her death. Immediately after her death, the plaintiff in this suit, Mrs. Normand, took physical possession of the property, and she has remained in actual possession of it since that time, although she alleges that a “disturbance in law” of her possession occurred on April 15, 1969, by the filing of the instrument which is more fully described below.
On April 14, 1969, an act of sale was executed by James R. Rice and Mary Rice Lewis, two of the legal heirs of the decedent, purporting to convey to defendant, Tilford L. Deville, for a cash consideration of $2,000.00, the following-described property:
All of vendors’ right, title and interest in and to the following described property, to-wit:
A certain piece, parcel or tract of ground, together with all rights and ways thereunto appertaining, and all buildings and improvements thereon, being, lying and situated in Rapides Parish, Louisiana, and being 8.78 acres, more or less, being Lot 2 of the Partition had by and between Marion Wiley, et al of the East One-Half of the Southeast Quarter, Section 8, Township 4 North, Range 3 East, Rapides Parish, Louisiana, as per act filed February 19, 1934, at Conveyance Book 194, Page 40, Records of Rapides Parish, Louisiana, and being that portion of the said property acquired by Emma Wiley Rice in said act of partition as ratified by Earl B. Sanders, et al on June 17, 1950, at .Conveyance Book 390, page 279, Records of Rapides Parish, Louisiana.
Vendors further declare that they, along with Rachel Rice and Grace Rice Normand are the sole and only heirs at law of their mother, Emma Wiley Rice, who departed this life at her domicile in Rapides Parish, Louisiana, on-, and that the said Emma Wiley Rice never adopted anyone.
The property affected by that sale is the tract of land which plaintiff contends is owned by the estate and which forms the basis for this suit. Defendant Deville, the purchaser, caused the above-mentioned deed to be recorded in the Conveyance Records of Rapides Parish on April 15, 1969. The deed thus was executed and recorded after Mrs. Rice died, but before plaintiff was formally appointed and qualified as executrix of her estate.
Plaintiff alleges that the deed asserts or implies a right of ownership or possession to the property, and that the filing of that deed constitutes a “disturbance in law” of her possession. She alleges that it will be *382 necessary for her, as executrix, to cause this property to be sold for the payment of debts and charges of the estate, and that the continued presence of the instrument constitutes an impediment to her title.
The trial judge found that the act of sale by James R. Rice and Mary Rice Lewis to Tilford L. Deville “was no more than the sale of the rights, titles and interests of the two heirs to an unopened succession and not a sale of the land or an undivided interest in the land.” He also concluded that the executrix could not maintain a possessory action “as the Code of Civil Procedure, Article 3656, states that a possessory action shall be brought ‘by one who possesses for himself.’ ” For those reasons judgment was rendered dismissing the suit.
We address ourselves first to the question of whether plaintiff, as executrix, has the legal capacity to maintain this posses-sory action.
Although LSA-C.C.P. art. 3656 provides that a plaintiff in a possessory action shall be one “who possesses for himself,” we think other articles of the Code of Civil Procedure show that the legal representative of a succession may possess for himself, and thus is entitled to maintain such an action.
Article 3211 of the Code of Civil Procedure, for instance, provides that a succession representative shall be deemed to have possession of all property of. the succession and shall enforce all obligations in its favor. Article 3196 provides that in the performance of his duties, a succession representative may exercise all procedural rights available to' a litigant.
Under LSA-C.C.P. art. 685, “the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration,” and “the heirs or legatees of the deceased * * * need not be joined as parties, whether the action is personal, real, or mixed.”
Comment (b) under that article contains the statement that:
“There is no reason today why a succession representative alone should not be able to enforce judicially all rights of the deceased, or of his succession, whether the action is personal, real or mixed. This article accomplishes this result, and the language employed is emphatic enough to indicate clearly the legislative intent to overrule all cases to the contrary.”
In Simpson v. Colvin, 138 So.2d 438 (La.App. 3 Cir. 1962) we held that under LSA-C.C.P. art. 3211 the succession representative was entitled to possession of the real property belonging to the estate, and to enforce that right of possession even as against the forced heirs. In that connection we said:
“We conclude that, under the circumstances presented here, plaintiff in the instant suit, as the administratrix of the Succession of Isom Simpson, is entitled to the actual or corporeal possession of the property belonging to that estate, even though it may not have been shown that such property must be sold in order to pay debts of the succession. The ad-ministratrix certainly would have the right to dispossess an unauthorized occupant, who is not an heir, from succession property, and we think she also has the authority, subject to the supervision of the court, to dispossess occupants of succession property who are or may be legal heirs, but who have no legal basis for claiming the right of possession other than the fact that they are heirs. In our opinion the right of the administratrix to obtain seizin or possession of the subject property is not conditioned on the fact that it will be necessary to sell that property to pay debts or that the ad-ministratrix needs possession for any other particular purpose.”
Two other landmark cases in which this rule has been recognized are Bird v. Succession of Jones, 5 La.Ann. 643 (1850), and *383 Succession of Serres, 135 La. 1005, 66 So. 342 (1914).
In view of the cited jurisprudence and provisions of the Louisiana Code of Civil Procedure, we conclude that plaintiff in the instant suit, as executrix of the estate of the decedent, Mrs. Rice, has the right and legal capacity to maintain a pos-sessory action such as the one which has been instituted here.
We turn now to the remaining question of whether the recording of the act of sale from two of the forced heirs of the decedent to defendant Deville constituted a disturbance of the executrix’s possession, sufficient to entitle her to the relief which she seeks.
We are unable to agree with the trial judge that the above-mentioned deed was “no more than the sale of the rights, titles and interests of the two heirs to an unopened succession,” and that it was not “a sale of the land or an undivided interest in the land.” The deed on its face purports to convey to defendant all of the vendors’ right, title and interest in and to a specific tract of land. It is possible that the decedent’s estate consisted solely of that 8.78 acre tract, and thus that the deed had the legal effect of conveying all of the vendors’ interest in the succession. But, the succession record was not filed in evidence and the record does not show the property which comprised the estate. And, the deed itself does not recite that the sellers were conveying their interest in the unopened succession.
We think the deed must be interpreted as being an act of sale conveying to defendant Deville the vendors’ interest in and to the specific tract of land which is described in that document.
Under the law and the maxim “le mort saisit le vif,” a succession is acquired by the legal heir immediately after the death of the deceased person to whom he succeeds. LSA-C.C. arts. 940, 941. The right of the legal heir to seizen of an interest in the property belonging to the succession, however, is subject to the debts and charges with which that interest is burdened, and it also is subject to the superior right of the administrator or executor to administer, and to maintain possession of, the property belonging to the succession until the administration has been closed. In some instances, and particularly where it is necessary to do so to pay debts and charges of the estate, the right of the legal heir to seizin is subject to the superior right of the administrator or executor to sell the property which belongs to the succession. Fortson v. Lake, Inc., 176 So.2d 703 (La.App. 4 Cir. 1965); Simpson v. Colvin, supra; Succession of Serres, supra; Succession of Stauffer, 119 La. 66, 43 So. 928 (1907); Succession of Martin, 234 La. 566, 100 So.2d 509 (1958).
In Succession of Stauffer, supra, our Supreme Court said:
“ * * * By the fiction of the law, ‘le mort saisit le vif,’ the heir is seised of right, but not in fact, until he accepts the succession and is sent into or takes possession according to law. As long as the property is under administration it remains in the custody of the law, and the rights of heirs and legatees are in abeyance until the administration is closed.”
The Fourth Circuit Court of Appeal appropriately stated in Fortson v. Lake, Inc., supra, that:
“But where there is an administration of the estate of a decedent, the administrator or executor, subject to the supervision and control of the court, has actual possession of the estate’s property during the administration, the administrator or executor acquires seizen in fact while the heir or, in the absence of a forced heir, the universal legatee acquires seizen of right.”
Our jurisprudence also has been settled to the effect that the sale of an heir’s undivided interest in a particular *384 piece of property belonging to a succession which owes debts or is under administration is an absolute nullity, although the sale of his entire interest in the succession, subject to the charges with which his interest is burdened, can legally be accomplished. Griffin’s Succession v. Davidson, 125 So.2d 30 (La.App. 2 Cir. 1960); Lacaze v. Hardee, 7 So.2d 719 (La.App. 2 Cir. 1941); Mayo v. Stroud, 12 Rob. 105; Van Der Karr v. Stead, 21 So.2d 111 (La.App. 1 Cir. 1945); Fortson v. Lake, Inc., 176 So.2d 703 (La.App. 4 Cir. 1965).
In Van Der Karr v. Stead, supra, our brothers of the First Circuit Court of Appeal said:
“It is now well settled that an heir’s undivided share or interest in a succession may be seized and sold under execution, the only limitation being that the proceeding must concern the whole of the heir’s rights in the succession, subject to the charges with which the succession is burdened, and not a specific part of the property inherited by the heir.”
In Griffin’s Succession v. Davidson, supra, the First Circuit Court of Appeal held:
“The law of Louisiana is well settled that the sale of an heir’s undivided interest in a particular piece of property belonging to a succession is an absolute nullity, although the sale of his entire interest in the succession, subject to the charges with which his interest is burdened, can legally be accomplished. * * It is, therefore, our opinion that the sale by the trustee of the heir’s undivided one-half interest in the particular piece of property belonging to the succession of James L. Griffin was an absolute nullity.”
And, in Mayo v. Stroud, supra, our Supreme Court said:
“The transmission of the rights and obligations of a deceased person to his heir, or to each of his heirs for his undivided portion, is an entire thing, which must be exercised in the manner, under the charges, and to the extent in which it is transmitted, and cannot be so divided as to entitle divers persons to claim separately distinct rights to distinct portions of the inheritance devolved upon the heir, and to demand the partition of divers parts of the property, and other effects of which the succession is composed. It seems, therefore, that a creditor of the heir, or of one of the heirs, cannot seize and sell the title and right of his debtor to a specific part of the property by him inherited; that the seizure must be for the whole of his said rights, including those rights as well as the charges with which they are bur-thened; so that, by the effect of the sale, they would be transferred to the purchaser with all the obligations of the deceased; and it is clear, that this would not be the case, if a distinct part of the property was sold without a full transmission of the rights of the heir to the whole estate.”
In view of this established jurisprudence, it appears that the act of sale executed by two of the legal heirs of the decedent purporting to convey to defendant Deville an interest in a specific piece of property belonging to this estate is, or may be, an absolute nullity. In this suit, of course, plaintiff does not seek to have the deed decreed to be a nullity, and it is unnecessary for us to determine that question. Instead, she has instituted a possessory action, alleging that the recording of the deed constitutes a disturbance in law, and praying for the relief provided by LSA-C.C.P. art. 3662(2).
We agree with plaintiff that the recording of this act of sale indicates that the purchaser is asserting a right of ownership, or a right of possession, and that it constitutes a “disturbance in law” of her right, as defined in LSA-C.C.P. art. 3659. Our conclusion, therefore, is that plaintiff is entitled to maintain the possessory action, and that the trial court erred in dismissing the suit.
*385 We have decided that the case should be remanded to the trial court in order that an order may be issued directing defendant to assert his claim of ownership in a petitory action to be filed within a delay to be fixed by the trial court, or be precluded thereafter from asserting ownership, all as prayed for by plaintiff, all as provided in Article 3662 of the Louisiana Code of Civil Procedure.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to the defendant-appel-lee.
Reversed and remanded.