**In the Matter of Donald Fitzhugh Mioton, Bankrupt.**

**Donald Fitzhugh MIOTON, Appellant,**

**v.**

**James F. MULLA, Jr., Trustee, Appellee.**

**No. 75–3307**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1976.

E. J. Ramirez, New Orleans, La., for appellant.

James F. Mulla, Jr., New Orleans, La., for appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

The issue presented by this appeal is whether a savings certificate and 250 shares of corporate stock in the succession of appellant Donald Mioton's grandfather, which were subject to a usufruct under Louisiana law in favor of another in 1967 when appellant was adjudicated a bankrupt, and the full ownership of which vested in appellant in 1972 when the usufruct terminated, should be administered by the trustee in bankruptcy for the benefit of Mioton's creditors.

Appellant contends that this property was abandoned by the trustee by his failure to administer it prior to the time it was distributed at the termination of the usufruct. The bankrupt estate was reopened in 1974 upon Mioton's petition for the purpose of having the bankruptcy judge determine the status of the corporate stock and its disposition. He sought the same determination as to the savings certificate. The bankruptcy judge entered a decree holding that the appellant was not entitled to a disclaimer or exemption of this property and ordered that it be delivered to the trustee. The district court affirmed.

Under Louisiana law Mioton's interest in the shares of stock, subject to a perfect usufruct, La.Civil Code art. 535; *Succession of Heckert,* La.App. 4th Cir. 1964, 160 So.2d 375, and the savings certificate, subject to an imperfect usufruct, La.Civil Code, art. 536; *Vivian State Bank v. Thomason-Lewis Lumber Co.* (1927), 162 La. 660, 111 So. 51, could not be sold by the trustee in bankruptcy until the usufruct ended, and they were distributed to Mioton and his brother. Until that time Mioton had only a one-half undivided interest in the succession itself and not in the particular items of property in the succession subject to the usufruct. *Griffin's Succession v. Davidson,* La.App. 2d Cir. 1960, 125 So.2d 30, 32. Hence, until the usufruct terminated and the stock and savings certificate

were distributed the trustee could do no more than wait so that he could claim these items for the benefit of appellant's creditors. In these circumstances, it may not be maintained successfully that the trustee had abandoned the property.

Affirmed.