602 So.2d 1147 (1992)
HOUMA MORTGAGE & LOAN, INC.
v.
Paul J. STOUFFLET.
No. CW 92 0490.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*1148 Edmund J. Connely, Houma, for plaintiff Houma Mortg. & Loan, Inc.
Matthew H. Hagen, ad hoc atty., J. Renee Williams, Houma, for defendant Stoufflet.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
Houma Mortgage & Loan, Inc., plaintiff, attempted to satisfy its judgment against Paul Stoufflet, the defendant, by seizing and selling immovable property that, according to the public record, belonged to Mr. Stoufflet's parents. The parents were deceased, but apparently no succession proceedings had been filed. A writ of fieri facias was issued, the property seized, and a sheriff's sale scheduled. Oswald Stoufflet, the brother of Paul, intervened in the suit and objected to the seizure and proposed sale of succession property. The intervenor prayed for a preliminary injunction, for subsequent judgment in favorof intervenor declaring the seizure to be wrongful, and for damages.
After the trial court rendered a judgment denying intervenor's request for a preliminary injunction, the intervenor filed a writ application with this court. We issued a writ of certiorari and stayed all proceedings below.
The issue is whether any interest the heir may have in a specific piece of immovable property that belonged to his deceased parents can be seized to satisfy the heir's debt before the succession proceedings have been filed or a judgment of possession rendered. We reverse the judgment of the trial court, recall the writ of fieri facias, and remand.
The succession becomes open upon death or the presumption of death. LSA-C.C. art. 934. The heir is vested with the ownership of his interest in the deceased's succession at the moment of death. Mingledorff v. American Bank and Trust Co., 420 So.2d 463, 468 (La.App.2d Cir.), cert. denied, 423 So.2d 1161 (La.1982). The "[s]uccession is the transmission of the estate of the deceased to his successors. The successors thus have the right to take possession of the estate of the deceased after complying with applicable provisions of law." LSA-C.C. art. 871. Estate of the deceased is defined as "the property, rights, and obligations that a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether he has only left charges without any property." LSA-C.C. art. 872.
"[S]eizin, the faculty of claiming and exercising possession, is acquired by either the forced heirs, the universal legatee or the legitimate heirs at the moment of death." Baten v. Taylor, 386 So.2d 333, 340 (La.1979). However, Civil Code article 946 provides that:
Though the succession be acquired by the heir from the moment of death of the deceased, his right is in suspense, until he decide whether he accepts or rejects it.

*1149 If the heir accept, he is considered as having succeeded to the deceased from the moment of his death; if he rejects it, he is considered as never having received it.
The question becomes what does the heir own and possess that is available for seizure and sale without the necessity of court proceedings or a judgment of possession. The available assets of the succession are, as yet, undetermined. The record before us contains no evidence concerning succession filings, acceptance by the heirs, or evidence as to payment of inheritance tax, the size or contents of the estate, the number of heirs, or debts owed by the deceased parents. See LSA-C.C.P. art. 2811, et seq. and art. 3001, et seq.; LSA-R.S. 47:2401, et seq.
It is an elementary principle relating to successions, that the rights of the creditors are fixed at a man's death; that succession property constitutes a common fund, the equal pledge of all the creditors except as relates to privileges and mortgages acquired before death, and provision is made for the concurrent payment of all debts according to their rank; which precludes one creditor by superior diligence or by any device or process whatever after death, from obtaining an advantage over others.
First Nat. Bank & Trust Co. of Vicksburg v. Drexler, 171 So. 151, 153 (La.App.2d Cir.1936), quoting from, Levy v. Succession of Lehman, 38 La.Ann. 9, 11 (1886). If the creditors of the deceased are not allowed an advantage, certainly the creditors of the heirs should not be given even greater rights.
Under the law of Louisiana, it is clear that, under the circumstances here, only the heir's share or interest in the succession, inclusive of all its rights, obligations and charges, can be seized and sold, and not the undivided interest an heir may have in a specific piece of the property of the succession. See Mayo v. Stroud, 12 Rob. R. 105, 108-09 (1845); Mingledorff v. American Bank and Trust Co., 420 So.2d 463, 468 (La.App.2d Cir.), cert. denied, 423 So.2d 1161 (La.1982); First Nat. Bank & Trust Co. of Vicksburg v. Drexler, 171 So. 151, 153 (La.App.2d Cir.1936). See also Van Der Karr v. Stead, 21 So.2d 111, 112 (La.App. 1st Cir.1945); Jackson-Hinds Bank v. Davis, 244 So.2d 633, 636 (La.App. 4th Cir.), writ refused, 258 La. 359, 246 So.2d 681 and 258 La. 361, 246 So.2d 682 (1971); Lacaze v. Hardee, 7 So.2d 719, 724 (La.App.2d Cir.1941), writ refused, (La. April 28, 1942). "The purchaser of the heir's interest in the said succession then takes the place of the heir." Van Der Karr v. Stead, 21 So.2d at 112.
Therefore, the judgment of the trial court denying the injunctive relief is reversed, the writ is recalled, and the property is released from seizure. This case is remanded for further proceedings consistent with this opinion.
The costs of the court below for the rule on the preliminary injunction and the costs of this court are assessed to the plaintiff, Houma Mortgage & Loan, Inc.
REVERSED AND REMANDED.