665 So.2d 98 (1995)
SUCCESSION OF Oswald L. STOUFFLET and Pearlie Marie Scott Stoufflet.
No. 95 CW 0116.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Writ Denied February 16, 1996.
*99 J. Rene Williams, Houma, for Appellant Oswald L. Stoufflet, Jr.
Edmund J. Connely Houma, for Appellee Houma Mortgage & Loan, Inc.
Before FOIL, CRAIN and TANNER, JJ.
FOIL, Judge.
We granted a writ certiorari to determine whether the trial court erred in overruling a peremptory exception raising the objection of no right of action. After a thorough review of the record, we find that the trial court was correct in overruling the exception.

BACKGROUND
Appellee, Houma Mortgage & Loan Inc., a judgment creditor of Paul Stoufflet, sought to intervene in this succession proceeding to assert a judicial mortgage against its judgment debtor's interest in his deceased parents' estate. The record reflects that in 1985, Oswald Stoufflet Sr. died. On December 2, 1987, his wife, Pearlie, passed away, leaving four children, including Oswald, Jr. (Oswald) and Paul. At the time of their deaths, the only piece of immovable property the Stoufflets owned was their home.
On June 25, 1991, Houma Mortgage obtained a judgment against Paul Stoufflet and recorded the judgment that day. Thereafter, Houma Mortgage attempted to enforce its judgment by causing a writ of fifa to issue directing the Sheriff to seize and sell the Stoufflet family home. Oswald intervened in that proceeding, objecting to the seizure and proposed sale of the succession property. In Houma Mortgage & Loan, Inc. v. Stoufflet, 602 So.2d 1147, 1149 (La.App. 1st Cir.1992), this court, noting that a succession had not yet been opened, held that a judgment creditor could only seize an heir's interest in the succession, including all of its rights and obligations, but could not seize the heir's undivided interest in a specific piece of property of the succession. Accordingly, this court recalled the writ of fifa and released the Stoufflet family home from seizure.
Thereafter, on February 12, 1993, Oswald filed a petition to open his parents' succession, and Oswald was appointed as the succession representative. The sworn descriptive list sets forth a single asset: the Stoufflet family home, which is valued at $40,000.00. The evidence shows that as of the filing of the succession proceeding, there were no other assets belonging to the estate; however, there were various debts owed by the estate.
Houma Mortgage filed a petition of intervention in the succession proceeding as a judgment creditor of Paul Stoufflet, seeking to traverse the sworn descriptive list. Oswald filed a peremptory exception raising the objection of no right of action to Houma Mortgage's attempted intervention, urging that Paul sold his interest in his parent's succession prior to the date on which Houma Mortgage recorded its judicial mortgage. In support of the exception, Oswald introduced an act of sale dated September 1, 1988, by which Paul sold his undivided interest in the family home to Oswald for the sum of $10,000.00. A check dated September 2, 1988 made out to Paul from Oswald was also introduced into evidence. Additionally, the documentary evidence reflects that on November 25, 1991, Paul and Oswald executed another act of sale in which they acknowledged that the September 1, 1988 sale was intended by the parties to transfer all of Paul's rights, title and interest in and to the *100 estate of his deceased parents to Oswald, not merely Paul's undivided interest in the immovable property of the estate. The parties set forth that in the event the September 1, 1988 sale was not deemed to be a sale of all of Paul's rights, title and interest in his parents' estate, the November 25, 1991 act would serve as the sale of those rights to Oswald in exchange for $1.00 in consideration in addition to the $10,000.00 previously paid to Paul by Oswald. This act of sale was not recorded until October 26, 1992.
Oswald argued that Houma Mortgage had no right to intervene in the succession proceeding because Paul had transferred his entire interest in the succession prior to the date on which Houma Mortgage obtained and recorded its judgment, and therefore, as of that date, there was nothing for Houma Mortgage's judicial mortgage to "attach itself to." Alternatively, Oswald contended that the judicial mortgage did not "arise" until Houma Mortgage attempted to seize Paul's interest in the succession, which occurred after the date on which the act of sale was duly recorded, and again, at the time the mortgage "arose," Paul had already divested himself of his interest in his parents' estate.
The trial court overruled the exception of no right of action, and Oswald filed a writ application with this court, requesting that we review the correctness of that ruling.

DISCUSSION
At the outset, we begin with the premise that an heir may sell his entire interest in a succession, subject to the charges with which his interest is burdened. However, the sale of an heir's undivided interest in a specific piece of property belonging to a succession is an absolute nullity. Succession of Griffin v. Davidson, 125 So.2d 30, 32 (La.App.2d Cir.1960). See also Houma Mortgage & Loan, Inc. v. Stoufflet, 602 So.2d at 1149 and cases cited therein. In 1988, Paul Stoufflet sought to sell his interest in his parents' succession to his brother by an act of sale which specifically set forth that he was transferring all of his undivided interest in the family home to Oswald. The act of sale described the real estate comprising the family home with particularity, and then concluded that Paul was transferring "all of his rights and undivided interest in and to any and all mineral rights and assets he may have inherited from his mother and father" to Oswald.
Because it is evident from the facts of this case that the parties intended to convey Paul's undivided interest in the Stoufflet family home by executing the act of sale dated September 1, 1988, under the longstanding jurisprudence, that attempted sale is an absolute nullity. An absolute nullity may be invoked by any person or declared by the court on its own initiative. La.Civ.Code art. 2030. Because the September 1, 1988, sale is an absolute nullity, it is deemed never to have existed, and it has no legal effect.
In the act of sale dated November 25, 1991, Oswald and Paul acknowledged that the September 1, 1988, sale was intended to encompass all of Paul's rights in the estate of his parents, and was not merely a sale of his undivided interest in the immovable property of the succession. Oswald argues that act somehow "ratified" the September 1, 1988, sale, so that this court should consider September 1, 1988 as the date on which the transfer of inheritance rights was successfully accomplished. However, this argument has no merit because under the law, an absolutely null contract may not be confirmed by the parties. La.Civ.Code art.2030. Thus, for the purpose of the exception of no right of action, we assume that the November 25, 1991, sale was a legally confected sale as to the parties to that contract. We must next decide whether Houma Mortgage acquired an interest in Paul's share of the succession of his parents prior to November 25, 1991.
On June 25, 1991, Houma Mortgage obtained its judgment against Paul and properly recorded the judgment that same day. Oswald argues that Houma Mortgage's interest in the succession could not have arisen until after October 26, 1992, the date on which the November 25, 1991 sale conveying Paul's interest in the succession of their parents to him was recorded. Oswald urges that a judicial mortgagee's interest on a judgment debtor's interest in a succession does not arise until it serves notice on the clerk of court of the seizure of the judgment *101 debtor's interest in the succession. Therefore, Oswald insists, the earliest date on which Houma Mortgage could have obtained an interest in the succession was March 24, 1994, when it caused a writ of fifa to issue directing the Sheriff to seize all of Paul's interest in the estate.
In essence, Oswald is arguing that a judgment creditor's lien does not "arise" until the judgment creditor takes appropriate steps to enforce that judgment. As to immovable property, this argument is simply incorrect. A judicial mortgage is created by filing a judgment with the recorder of mortgages. La.Civ.Code art. 3305. It is effective as to third persons from the time that it is filed for registry in the manner provided by law. La.Civ.Code art. 3308. Once the judicial mortgage is recorded it primes all subsequent recorded mortgages, and inscription of the mortgage by the recorder of mortgages is the only requirement to convey to the judicial mortgagee its privilege. Associates Financial Services Co., Inc. v. Hillebrandt, 250 So.2d 75 (La.App.3d Cir.1971).
Furthermore, it has been held that a properly recorded judicial mortgage attaches to an heir's undivided interest in the mortgageable property of a succession from the moment that the heir becomes a joint proprietor of the mortgageable hereditary property. Succession of Quartararo, 541 So.2d 243 (La.App.4th Cir.1989). Ownership is transmitted to the heirs by operation of law at the moment of death. Baten v. Taylor, 386 So.2d 333 (La.1979). Thus, in Mingledorff v. American Bank and Trust Company in Monroe, 420 So.2d 463 (La.App.2d Cir.), writ denied, 423 So.2d 1161 (La.1982), the court held that a judicial mortgage attached to an heir's interest in the unopened succession from the date of its recordation. Therefore, it is not necessary that the judicial mortgagee do anything other than record its judgment in order for its lien to attach to a judgment debtor's interest in a succession.
Accordingly, we find that the earliest date upon which Houma Mortgage's judicial mortgage could have attached to the judgment debtor's interest in the unopened successions of his parents is June 25, 1991, and not at a later time when Houma Mortgage actually attempted to enforce its mortgage by attempting to seize Paul's interest in the succession.
Because Houma Mortgage's lien attached to Paul's interest in the succession prior to the attempted sale of that interest to Oswald, that sale was burdened with Houma Mortgage's lien. La.Civ.Code art. 3307. Consequently, we conclude that Houma Mortgage may intervene in the succession proceeding to enforce its interest in its judgment debtor's share of his parents' estate.
Based on the foregoing, we find that the trial court correctly overruled the exception of no right of action. Accordingly, we remand this case to the trial court to conduct proceedings not inconsistent with this opinion.
WRIT DENIED.
THOMAS W. TANNER, J., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
HILLARY J. CRAIN, J., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.